Davis v. Clark.

PETER DAVIS, Appellant, v. J. F. CLARK, Respondent.

Kansas City Court of Appeals, April 14, 1890.

1. **Trial Practice**: DEMURRER TO EVIDENCE. Every reasonable inference of fact to be drawn from the evidence is to be thrown on the side of the plaintiff in passing on a demurrer to the testimony.

2. **Waste**: RULE AS TO CUTTING TIMBER. In this country where timber in many places is a hindrance to the enjoyment of the estate, whether it be for life or in fee, the law is, that cutting for the purpose of cultivation (if it do not lessen the value of the inheritance) is a privilege following a tenancy for life, when it is necessary for the proper and reasonable enjoyment of the estate, and as

long as the tenant only acts in so doing in conformity to good husbandry, regard being had to the situation of the country and the comparative value of the timber; and, therefore, cutting timber, not for firewood, repairs to the premises or for cultivation, but for converting it into railroad ties for the market, is waste.

3. **Evidence**: THREATS. When the question is whether a person has done a particular thing and some evidence of it has been given, it is surely competent to show in corroboration that he had avowed his purpose beforehand.

4. **Waste**: NEGATIVE AVERMENT: DEFENSE. The statute declaring that if a tenant for life shall commit waste "without special license in writing so to do, he shall be subject to civil action," etc., does not impose upon plaintiff the burden of proving that defendant had not the special license, but is matter of defense which must be established by the defendant.

5. **Amendment**: CAUSE OF ACTION ARISING AFTER SUIT COMMENCED. In actions at law, whatever may be the rule in equity, the cause of action must be complete at the beginning of the suit; and filing an amended petition does not open up to plaintiff a cause of action accruing after the original petition was filed, and it operates only as a re-statement of a cause of action existing at the beginning.

*Appeal from the Cole Circuit Court.*—HON. E. L. EDWARDS, Judge.

REVERSED AND REMANDED.

*Silver & Brown*, for the appellant.

(1) The court improperly sustained the demurrer to the evidence. Where there is any evidence to sustain plaintiff's action the case should be submitted to the jury. *Twohey v. Fruin*, 96 Mo. 104; *Walsh v. Morse*, 80 Mo. 568; *Charles v. Patch*, 87 Mo. 450; *Baum v. Fryrear*, 85 Mo. 151; *Ward v. Davidson*, 89 Mo. 445; R. S. 1879, sec. 3573; *Clark v. Clark*, 86 Mo. 115. (2) The court erred in refusing to permit plaintiff to prove acts of trespass between the filing of the original and amended petitions. Pomeroy on Remedies & Remedial Rights [2 Ed.] p. 27, sec. 28, *et seq.; Ward v. Davidson*, 89 Mo. 445; *Railroad v. Calkins*, 90 Mo.

Davis v. Clark.

538. ( 3 ) There was sufficient evidence to go to the jury on the acts of waste committed before the bringing of the suit.    It will be remembered that such demurrer admits everything which the testimony of plaintiff conduces to prove, even though only in a slight degree. And in passing on it the court will make every inference of fact in favor of the party offering the evidence which the evidence warrants, and which the jury might with any degree of propriety have inferred.    *Wilson v. Board of Ed.*, 63 Mo. 137 ; *Frick v. Railroad*, 75 Mo. 601 ; *Smith v. Hutchinson*, 83 Mo. 683 ; *Herriman v. Railroad*, 27 Mo. App. 435.    Plaintiff is only called upon to make out a *prima facie* case.    *Herriman v. Railroad, supra.    Twohey v. Fruin*, 96 Mo. 109.    ( 4 ) This case was an action for waste, founded on Revised Statutes, 1879, section 3107, *et seq.    Proffit v. Henderson*, 29 Mo. 325 ; *Wilkinson v. Wilkinson*, 52 Wis. 557. *First*.    The jury is to determine in such case whether by clearing the lands the tenant has cut so much timber as to injure the inheritance.    1 Washburn on Real Property [ 5 Ed.] p. 148, star p. 109.    The same proposition is also decided in *Proffit v. Henderson*, 29 Mo. 325. *Second*.    The value of the timber cut was competent evidence on the question of the injury done to the inheritance of which the jury must judge. *Harder v. Harder*, 26 Barb. 414.    *Third*.    So threats of the commission of acts of waste and trespass are admissible in evidence against the person making them.    *Dodge v. Bache*, 57 Pa. St. 421 ;    Abbott's Trial Evidence, p. 630 ; *Platte Co. v. Marshall*, 10 Mo. 345.    It seems the court had some doubts on the last proposition, and we respectfully ask this court to pass on it, particularly if a new trial is awarded.    ( 5 )    It cannot be objected that plaintiff failed to show that defendant did not have special license in writing to cut the timber.    *First*.    The burden of proof of a special license or authority is on the defendant.    1 Wharton on Evidence, sec. 368 ; *Medlock*

*v. Brown*, 4 Mo. 379 ; *Wheat v. Slate*, 6 Mo. 455 ; *State v. Lipscomb*, 52 Mo. 32. *Second.* Besides, it is inferable from the evidence that defendant did not have any special license in writing to do the cutting. He denied the cutting, said he didn't do it, rested his defense on that question, thereby impliedly, at least, admitting he had no special license in writing. Where a party has the burden of proving a negative, full proof ''is not required, but even vague proof, or such as renders the existence of the negative probable, is in some cases sufficient to change the burden to the other party.'' 1 Wharton on Ev., sec. 368. *Third.* A plaintiff need only allege and prove a *prima facie* case. *Crane v. Railroad*, 87 Mo. 588 ; *Herriman v. Railroad*, 27 Mo. App. 435. In *Proffit v. Henderson*, 29 Mo. 325, the petition was held to be sufficient, although it did not state that defendant did the cutting without ''special license in writing.'' We submit the judgment of the circuit court should be reversed.

*W. S. Pope*, for the respondent.

(1) We submit in this case that the action of the court in sustaining a demurrer to the testimony was correct. The action was clearly intended to be brought under section 3921, Revised Statutes, 1879. The allegation in the petition is, that the defendant is in the possession of the lands alleged to have been trespassed upon, and that he has an interest therein, that he is tenant by the curtesy. In order to maintain the action, the plaintiff must allege and prove that defendant has no interest or right in the lands. R. S. 1879, sec. 3921 ; *Brown v. Carter*, 52 Mo. 46 ; 2 Waterman on Trespass, pp. 448, 447, 452, 454 ; 3 Blackstone, ch. 12. (2) The petition does not state an action for trespass at common law, for at common law possession is necessary to maintain the action. See cases cited above, also

519

2 Waterman, ch. 5. The plaintiff in this case cannot possibly recover, if everything stated in the petition, everything proved, or offered to be proved, was true, hence a demurrer to the testimony was proper. See cases cited above. (3) The plaintiff's remedy, if any he has, is in chancery, to restrain the cutting of timber from his inheritance or for waste. 2 Waterman on Trespass, p. 571, sec. 1126, *et seq.* ; 1 High on Injunctions, ch. 11, p. 423 ; ch. 12, p. 451, especially sections 716, 728 and 724. (4) The nature of tenancy, by curtesy in this state, depends on the common law, there being no statutory provision giving character to the estate. *Tremmel v. Klieboldt*, 6 Mo. App. 549. (5) The distinction between waste and trespass consists in the former being the abuse or destructive use of property by one who, while not possessed of the absolute title to the property, has a right to its legitimate use ; trespass is an injury to property by one who has no right whatever to its use. 1 High on Injunctions [2 Ed.] sec. 650; Minor's Institutes, p. 546. The case of *Proffit v. Henderson*, 29 Mo. 325, instead of being a case in favor of appellant, is against him. It was not proven, nor was evidence offered by appellant to prove, that the cutting complained of decreased the value of the land, or was a spoliation of the appellant's inheritance. This was necessary in order to make a case. The court in this case well remarks, that it is not waste in this country to clear land, by a tenant for life. (7) There was no allegation or proof that the timber was cut "without special license in writing." This is made a necessary averment by section 3107, Revised Statutes, 1879, and must be proved as any other material fact. The question as to the materiality of this averment was not before the court in the case of *Proffit v. Henderson*. It was not discussed or ruled upon by the court. (8) The action stated in the amended petition is a different one and for a different

amount stated in the original. The evidence that would make a case in the one would not in the other, and this is the true test.

ELLISON, J.—Plaintiff is the owner of the reversionary interest in certain lands of which defendant is the owner of the estate by the curtesy. The action is for waste by alleged injury to the inheritance in cutting trees. There was a demurrer to the testimony offered by plaintiff, which, being sustained, plaintiff appealed. It is singular that in a case depending so much on dates and descriptions of land that there should be such indefiniteness as appears from the testimony introduced. There is sufficient in the evidence, however, to submit to the jury the question whether defendant did cut trees before the commencement of this suit on the land of which plaintiff owned the reversionary interest. Without analyzing the testimony, our opinion is, that, under the rule that every reasonable inference of fact to be drawn from the evidence is to be thrown on the side of the plaintiff, in passing on a demurrer to the testimony, the case, so far as concerns the doing of the act charged, was sufficient to submit to the jury.

But defendant's contention is, also, that the act was not shown to be waste, in that plaintiff did not show that the destruction of the timber was not for the purposes of cultivation or other lawful purpose allowed a tenant for life. Waste is that which does a lasting damage to the freehold or inheritance, and tends to the permanent loss of the owner in fee, or to destroy or lessen the value of the inheritance. In this country, where (at least until recent years) timber in many places is a hindrance to the enjoyment of the estate, whether it be for life or in fee, the law is that cutting timber for the purpose of cultivation (if it did not lessen the value of the inheritance) is a privilege following a tenancy for life, when it was necessary for the proper and

reasonable enjoyment of his estate, and as long as he
only acts in so doing in conformity to good husbandry,
regard being had to the situation of the country and the
*comparative* value of the timber.   But this is a privilege
which can only be exercised for the purpose mentioned,
*i. e.*, the proper enjoyment of the estate, which is hin-
dered by the timber.   So it has been held that the tenant
cannot cut the timber merely for sale.   *Padleford v.
Padleford*, 7 Pick. 152 ; *Clemence v. Steer*, 1 R. I. 272 ;
*Chase v. Hazelton*, 7 N. H. 171 ; *Parkins v. Cox*, 2
Hayw. ( N. C.) 339.   Applying these principles to this
case, we find that the evidence tended to show that
defendant was cutting and destroying the timber, not for
firewood, repairs to the premises or for cultivation, but
for the purpose of converting it into railroad ties for the
market.   This in our opinion, if established to the sat-
isfaction of a jury, would constitute waste for which he
would be liable.

II.   The question is raised whether threats to cut
the timber off the land were admissible against the
defendant as tending to show he committed the act.
We think they are undoubtedly proper testimony.
Not that threats alone would make a case against
defendant, but, in connection with other evidence tend-
ing to implicate him, they are competent for the consid-
eration of the jury.   " When the question is whether a
person has done a particular thing, and some evidence
of it has been given, it is surely competent to show in
corroboration that he had avowed his purpose before-
hand."   *Dodge v. Bache*, 57 Pa. St. 421.

III.   The statute, 1879, section 3107, declares that
if a tenant for life or year shall commit waste "without
special license in writing so to do, he shall be subject to
civil action," etc.   And defendant contends that it is
incumbent upon the plaintiff to prove that he had not
the special license.   We think such matter is a negative
averment, which will be taken to be true unless met by

proof from defendant ; that, though alleged by plaintiff, if not true, it is a matter of defense, which must be established by defendant.  *State v. Lipscomb*, 52 Mo. 32.

IV.   Plaintiff filed an amended petition in this cause, in which he charged waste to have been committed since suit, was instituted.  Evidence of such waste was excluded by the court, and, we think, properly.   In actions at law, whatever may be the rule in equity, the cause of action must be complete at the beginning of the suit.   "If it is not then complete, the complaint of the plaintiff must of necessity be either *untrue* or *insufficient in law*."   Gould's Plead. 161. Filing an amended petition does not open up to plaintiff a cause of action accruing after the original petition was filed, and it operates only as a re-statement of a cause of action existing at the beginning.   Many good reasons were suggested at the argument why plaintiff's contention should be allowed, but it is not deemed to be the law, and we rule the point against the plaintiff. For reasons foregoing, the judgment will be reversed, and the cause remanded.   GILL, J., concurs ; SMITH, P. J., not sitting.