## H. C. S. Fillmore v. C. F. Hodgman.

1. DECREES—*When Relief Against, Will be Granted.*—Relief will not be granted against a decree unless the complainant can impeach its justice by facts, or on grounds which he could not have used when the decree was entered, or which he was prevented from using by fraud, accident or the mistake of the opposite party, unmixed with negligence or fault on his part.

**Bill,** to vacate a decree. Appeal from the Circuit Court of Kane County; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed September 20, 1897.

LITTLE & AVERY, attorneys for appellant.

A. J. HOPKINS, F. H. THATCHER and F. A. DOLPH, attorneys for appellee.

MR. JUSTICE DIBELL DELIVERED THE OPINION OF THE COURT.

For many years appellant has owned lots 10 and 11 in Fillmore's subdivision in the city of Aurora. About November 1, 1890, she entered into a certain written contract with Frank Kellogg, a contractor and builder, to repair and build an addition to her dwelling house on said premises. Kellogg performed the contract and she paid him the last payment under his contract, April 26, 1891, having paid him in all $768.25. About a month thereafter appellee served her with written notice that he claimed a lien upon the premises for materials furnished to, and used by said Kellogg in said building. Thereafter appellee began a mechanic's lien suit in the Circuit Court of Kane County against appellant and Kellogg for a lien upon said premises, had service of summons upon defendants, and at the October term, A. D. 1891, obtained a decree for about $150 establishing a lien upon said premises therefor. On July 5, 1892, appellant began the present suit by filing a bill in equity against appellee to procure the vacation of said decree. On September 9, 1895, she filed an amendment to said bill. Appellee demurred to said bill as amended, and the demurrer was sustained. Complainant elected to stand by her said bill of complaint, and it was dismissed by the court for want of equity at the cost of complainant. From that decree she prosecutes this appeal.

In her bill she states the facts above set forth, and that at the time she made the last payment to Kellogg she had no knowledge or suspicion that appellee or any person had any claim against said property for material that was used in her building. She also therein stated that after she was served with summons she asked Kellogg what said proceedings meant; told him she had paid him in full, and asked him if he owed appellee for any materials that had gone into her building; and that Kellogg replied that he had paid

appellee in full for everything that had been used in her building, and owed him nothing; but that he would have to hire a lawyer and go into court and show that fact; and that he would see that she should be held harmless in the premises, and there was no need for her to do anything in the matter; that she relied upon what Kellogg told her and what he agreed to do, and paid no further attention to the claim of appellee till after the entry of the decree; that Kellogg was insolvent and had left the State, so that she could have no redress from him. By her amendment she charged that in fact Kellogg had paid appellee in full for all material which went into her building, and had so notified appellee, and that appellee knew it when he began the lien suit. She further stated in the amendment that at the time said lien suit was brought there was a small balance due from Kellogg to appellee on an old standing and running account, but not on account of materials used in appellant's house; that appellee knew appellant was a widow, old and unfamiliar with legal proceedings, and therefore he advised Kellogg to keep still and say nothing about the fact that appellant had paid for all the material appellee had furnished which had been used in said building, and that he, appellee, would scare appellant so she would pay the amount of his claim against Kellogg; that Kellogg then offered to give appellee a lien on his shop for the balance he owed appellee, but appellee refused because he said he could and would get it out of appellant. The amendment further charges that to create a lien upon her property under the statute then in force appellee should have filed his claim for lien with the circuit clerk before she paid Kellogg in full, and that appellee never filed such claim and therefore never acquired said lien.

Galena & S. W. R. R. Co. v. Ennor, 116 Ill. 55, was a bill for relief against a judgment at law, while this is for relief against a decree in a mechanic's lien suit; but the general principles necessary to secure such relief against either a judgment or a decree are well stated in that case as follows: "The proof fails to show that the complainant was pre-

vented from availing himself of his defense by the fraud or act of the opposite party, unmixed with negligence or fault on his part. Under the authorities, a case is not presented for the interference of a court of equity to set aside the judgment. As said by Kent, J., in the case of LeGuen v. Gouvernour & Kemble, 1 Johns. Cas. 502, ' Every person is bound to take care of his own rights, and to vindicate them in due season and in proper order. This is a sound and salutary principle of law. Accordingly, if a defendant, having the means of defense in his power, neglects to use them, and suffers a recovery to be had against him before a competent tribunal, he is forever precluded.' And again says Chancellor Kent, in Duncan v. Lyon, 3 Johns. Ch. 351, ' It is a settled principle that a party will not be aided after a trial at law, unless he can impeach the justice of the verdict by facts, or on grounds of which he could not have availed himself, or was prevented from doing it by fraud or accident, or the acts of the opposite party, unmixed with negligence or fault on his part.' " It was said in Knoblock v. Mueller, 123 Ill. 554, that in order to impeach a decree or obtain a rehearing of the cause because of new facts, the facts must have been discovered since the decree, must be material, and it must have been impossible for the party to produce them at the time the decree passed. The newly discovered evidence must be decisive in its character. Aholtz v. Durfee, 122 Ill. 286. In the case at bar the statements that appellant had a complete defense because appellee had been paid in full for materials which went into her house, and that he did not file in the office of the circuit clerk the claim essential to give him a lien, do not alone and of themselves furnish any ground for impeaching the former decree. The court in the lien suit had jurisdiction to determine those very questions. Appellant was served with summons and had a full opportunity to defend, and was acquainted with all the facts constituting her defense. Litigation would never end if a defendant duly served in a case and having a complete defense thereto, and the proof thereof at hand, may refrain from setting up said defense,

permit the case to go by default, and long afterward be allowed to file a bill to set aside the former decree or judgment because of such defense, which she well knew but did not interpose. Nor is her case aided by the mere fact that Kellogg, her co-defendant, told her he would hire a lawyer and show that appellee had been paid in full; that he would keep her harmless, and there was no need for her to do anything. Kellogg was not an agent of complainant in said lien-suit, but was her co-defendant, and having interests therein not necessarily in harmony with her own. She does not claim that she saw appellee or communicated to him the fact that she had paid Kellogg in full, and that Kellogg claimed to her that he had paid appellee in full. She did not appear and employ counsel and set up the fact of payment. She did nothing prudence and diligence required of her, but trusted wholly to her co-defendant to interpose her defense, and he did not carry out his promise. All this furnished no ground for opening the former decree or requiring appellee to answer and relitigate the matters which he was required to aver and prove to entitle him to the decree he obtained. We can not extend any such privilege to silence and entire neglect. If appellee were in any way connected with said promise—if appellant had been lulled into security and silence by any act or words of appellee, an entirely different case would be presented.

The only charge tending to make a case here against appellee is that he, at some time not stated, told Kellogg to keep still and say nothing about the fact that appellant had paid for all material appellee furnished Kellogg which had been used in her building, and he would scare her into paying the amount Kellogg owed him for materials used in the construction of his shop. It is not claimed that appellee told Kellogg to keep still about the fact that Kellogg had paid appellee in full for all said materials that had gone into said building, which was the only fact appellant did not know of her own knowledge, but to keep still about the fact that appellant had paid in full for all the materials which went into her house, which fact she well knew herself. Again, Kellogg did not keep still.

He told appellant that he had paid appellee in full for said materials. He kept nothing back. It is not charged appellee ever did see appellant or scare her, or attempt to scare her into paying for lumber used in the construction of Kellogg's shop. It is not charged Kellogg or appellee ever in any way acted upon the single remark charged against appellee, or that because of that remark Kellogg did, or refrained from doing anything whatever. That single remark made at an unknown time, not charged to have been acted upon by any one, is the sole basis for this bill to impeach the former decree for fraud, and in our judgment it does not make a case. Appellant relies upon Biggins v. Brockman, 63 Ill. 316, and McGehee v. Gold, 68 Ill. 215, but they are not in point. In the former case the judgment against which relief was sought had been obtained without personal service or actual notice. In the latter, the party complaining was sued as surety, and had no means of proving in the action at law that her principal had paid the debt. When she afterward found proof of that fact she was granted relief in equity. Here appellant was informed of the payment in full by the person who made the payment, and in time to have defended. She trusted the promise of one not a party to this record, and does not charge that appellee was in any way connected with said promise or its non-fulfillment.

The court below therefore properly sustained the demurrer to the amended bill and dismissed it for want of equity. Decree affirmed.