F. S. HEFFERNAN, Appellant, v. A. T. WEIR, Respondent.

**St. Louis Court of Appeals, March 3, 1903.**

1. **Contract: GRANTEE: SUIT TO ENFORCE: EQUITY: DECLARATIONS OF LAW.** The action to enforce the contract being in equity, whether the declarations of law declared or refused by the trial court were erroneous, is not material.

2. ———: ———: **RECORD, INCOMPLETE AND NOT REVIEWABLE.** Unless it affirmatively appears by the record that all the evidence offered in the trial court had been preserved, the well-established rule of practice of the appellate courts in an equitable proceeding is to decline to review the cause.

3. ———: ———: **EVIDENCE, SUFFICIENCY OF SAME.** The contract of the grantee to pay off an existing incumbrance as part of the purchase money, may be made by parol, but the proof of such a contract, when on trial, must be clear and unequivocal and without substantial doubt.

Appeal from Greene Circuit Court. — *Hon. G. W. Watson*, Special Judge.

AFFIRMED.

*Heffernan & Heffernan* for appellant.

(1) The conveyance by deed of the eighty acres of land promised John R. Marsh the grantor in the deed, and A. W. Ollis, agent for John D. Robinson, to pay the note owned by said Robinson, and secured by deed of trust on the land. For this reason the plaintiff, the assignee of said note, as also the assignee of said obligation can maintain this suit in equity. Crone v. Stinde, 156 Mo. 262 (overruling Hicks v. Hamilton, 144 Mo. 495); Ellis v. Harrison, 104 Mo. 270. (2) The testimony of witnesses Marsh, Ollis and Musgrave, was also admissible as a part of the *res gestae*, and served to elucidate the whole transaction. State v. Roper, 141

Mo. 327. (3) The defendant's admission of receiving the deed from Marsh, restraining possession of the same, entering on the land, and selling and moving the house off the land, should have warranted the trial court in summarily rendering judgment against him. State to use v. O'Neill, 151 Mo. 67; State ex rel. v. Smith, 150 Mo. 75.

*Vaughan. & Coltrane* for respondent.

(1.) It has been held by this court that where a party to whom a deed had been made and recorded containing an agreement to assume a deed of trust on the land, and he himself afterwards conveyed by warranty deed, the same land which deed also contained a similar clause binding his grantee to pay the debt, that such assumption clause did not bind the first grantee. Brinkerhoff-Trust and Sav. Co. v. Horn, 83 Mo. App. 114; Bull v. Titsworth, 29 N. J. Eq. 73; Culver v. Badger, 29 N. J. Eq. 74; Cordts v. Graves, 29 N. J. Eq. 446. (2) The plaintiff must recover, if at all, upon the cause of action pleaded. There is a variance between the petition and whatever evidence of assumption was offered. Gray v. Race, 51 Mo. App. 553; Houston v. Tyler, 140 Mo. 252.

REYBURN, J.—From the meager record, this appears to be an action to charge defendant upon a contract of assumption of the balance unpaid on a bond executed by John R. Marsh, originally secured by a deed of trust upon realty in Greene county, under the provisions of which enforcing the right of sale, the mortgage indebtedness has been partially paid. The appellant, in lieu of a perfect transcript of the record and proceedings in the cause, has presented a certified copy of the record entry of the judgment appealed from, and the other proceedings constituting the abbreviated record authorized by section 813 of the Revised Stat-

utes. The appellant's statement in print filed in this court fails to comply with the rules, especially rule 15, in many respects. The pleadings, neither abstracted nor at length, are contained therein, and the testimony as abstracted is evidently only part of the proof, documentary and oral, offered at the hearing. In the absence of the circuit judge of Greene county, the case was tried before a member of the Springfield bar selected, and at the close of the hearing the court rejected the declarations of law prayed by plaintiff and gave several at defendant's request, including a declaration that upon the pleadings and the evidence in the case the plaintiff was not entitled to recover. From the foregoing outline it is manifest that the record is in such a condition that it is impossible for us to fully review the case. As the proceeding is denominated and treated by appellant as a suit in equity, it is not material nor necessary to inquire whether the declarations of law declared or refused by the trial court were erroneous, for the court's decree is not dependent upon the correctness of such declarations, and may in itself be correct, although error may exist in such declarations. Hall v. Harris, 145 Mo. 614. We are further precluded from reviewing the case by reason of the fact that unless it affirmatively appears by the record that all the evidence offered in the trial court has been preserved, the well-established rule of practice of the appellate courts in an equitable proceeding to decline to review the cause, must be applied. Barnes v. Buzzard, 61 Mo. App. 346; Roberts v. Bartlett, 26 Mo. App. 611.

2. From the printed abstract of the testimony filed by appellant it appears that a general warranty deed in January, 1899, was executed and delivered by Marsh and wife to respondent for a recited consideration of $700, conveying the property (which had been conveyed by the prior deed of trust) to respondent, with full covenants of warranty, and without any express as-

sumption by the grantee of the mortgage indebtedness. While it is unnecessary that the contract of a grantee to assume payment of an existing incumbrance as part of the consideration for which a conveyance of realty is made should be in writing, and a verbal promise of such assumption is valid and enforcible in equity, yet the promise to pay must be established by clear and cogent evidence and can not be implied by inference. 2 Devlin on Deeds, sec. 1073; Ordway v. Downey, 18 Wash. 412; Bensieck v. Cook, 110 Mo. 173.

The burden of establishing such contract was on appellant, and the record discloses that he has failed to establish such oral agreement. Judge GOODE is of the opinion that the action was at law, but that the rulings of the trial court were correct.

Judgment affirmed. *Bland, P. J.,* concurs, and *Goode, J.,* concurs in the result.