CHARLES DELTENRE, Appellant, v. ALPHONSE DELTENRE, Respondent.

**Kansas City Court of Appeals, January 16, 1911.**

1. **WASTE: Damages to Freehold.** Plaintiff, as owner of a farm, sued defendant, the tenant, for damages, claiming the removal by defendant and appropriation to his own use of a crop of new grape plants from the parent vines, although not reserved in the letting, was waste. *Held*, that defendant had a right as tenant to remove them as they matured, as they were personal property the same as pendant apples when ripe.

2. ————: ————. Waste is that which does a lasting damage to the freehold or inheritance, and tends to the permanent loss of the owner of the fee or to destroy or lessen the value of the inheritance. Hence, the removal and appropriation by the lessee of a matured crop, whether rightful or wrongful is not waste, as it does no injury to the inheritance.

Deltenre v. Deltenre.

Appeal from Osage Circuit Court.—*Hon. R. S. Ryors,* Judge.

AFFIRMED.

*Monroe & Zeveley* and *W. S. Pope* for appellant.

(1)   Waste is the destruction by the tenant of such things on the land as are not included in its temporary profits.  Proffit v. Henderson, 29 Mo. 325.   (2) Defendant sold farm to plaintiff on January 21, 1910, and on the same day rented it from plaintiff until October 21, 1910, for $75, to be paid at the end of the term, and one-sixth of the crop raised on said land.   The evidence shows that shortly after he rented the land from plaintiff he dug up and removed grape stock that was growing thereon and attached to the old vines in the vineyard, having been laid the spring before and growing on the land at the time of the sale and renting.   This grape vine stock was one of the causes inducing plaintiff to buy the land of defendant.   The terms of renting, about which there is no dispute, would not authorize the removal of these grape vines as a part of the crop.   Questions of waste are dependent on circumstances.  30 Am. and Eng. Ency. Law (2 Ed.), 240.   (3)  The circumstances of this renting point clearly to the fact that he was to use the land only for ordinary farm purposes; that the nursery stock was not intended to be removed. If land is used for nursery purposes, the nursery stock may be removed, if done in the usual course of business and in good faith.   Robinson v. Russell, 24 Cal. 467.

*J. W. Voshall* and *Gove & Davidson* for respondent.

(1)   There is no evidence of waste in this case. Waste is the destruction of such things on the land by a tenant for life or years as are not included in its tem-

porary profits. In other words, it consists in such acts as tend to the permanent loss of the owner in fee, or to destroy or lessen the value of the inheritance. Proffit v. Henderson, 29 Mo. 327. (2) It is only when there is lasting damage to the reversionary interest, or its value having been lessened, that the tenant is liable. Proffit v. Henderson, 29 Mo. 328; Davis v. Clark, 40 Mo. App. 520; Hill v. Ground, 114 Mo. App. 85. (3) The evidence in this case does not show any injury to the freehold. It shows that the plants that were removed were slips grown by laying the cane of the parent vine across the row and leaving them until they formed roots and bunching them and putting them in trenches for transplanting. They were not permanent plants and could not remain where they were. It was necessary to remove them in order to cultivate the vineyard both ways. It shows that the grape plants that were layered were taken up and trenched at the proper time and in the proper manner, and that it was necessary to take them up out of the vineyard so it could be properly cultivated, and that this was the usual way of removing such plants. It also follows that if they had not been removed from the vineyard, it would have damaged the freehold. This is, technically, an action for waste, and the damages to be allowed, if any, are the damages done to the inheritance—the farm. Warder v. Henry, 117 Mo. 545. (4) Trees in a nursery are, sometimes and for some purposes, regarded as chattels, while the same trees, immediately upon being transplanted, become real estate. 2 Jones on Real Property, sec. 1613, p. 490. The evidence shows that the grape slips are an artificial and annual crop, and are personal and not a part of the freehold. Leidy v. Carson, 115 Mo. App. 4. There can be no doubt, under all the authorities, but that the grapeslips, being *fructus industriales,* or an artificial crop, were personal and in no sense real property, as they were mature at the time they were removed. Leidy v. Carson, 115 Mo. App. 4. (5) In order to con-

stitute waste there must be some injury done to the freehold. The rule of the common law is followed in this state, and is generally recognized. Proffit v. Henderson, 29 Mo. 325; Davis v. Clark, 40 Mo. App. 515; Hill v. Ground, 114 Mo. App. 85.

JOHNSON, J.—This is an action for waste. At the conclusion of the evidence of plaintiff the jury returned a verdict for defendant in obedience to a peremptory instruction from the court and, after unsuccessfully moving for a new trial, plaintiff appealed.

Defendant sold a farm to plaintiff January 21, 1910, and on the same day plaintiff leased the farm to defendant for a term ending October 21, 1910, for a rental of seventy-five dollars in money and one-sixth of the crops. There was a vineyard on the farm and a crop of young grape plants which were still attached to the parent vines. Plaintiff did not reserve this crop in the contract of letting and in the following March, defendant severed the new plants from the parent vines, dug them up and appropriated them to his own use. Plaintiff, contending this was waste, sued for treble damages, under the provisions of section 4140, Revised Statutes 1899 (now sec. 7913, R. S. 1909).

The evidence shows that in the spring of 1909, defendant, then the owner of the vineyard began the propagation of the crop of new plants. One year old canes were laid down across the rows and covered with dirt, new plants sprouted from these canes and, in time, became rooted in the ground. When strong enough to live without sustenance from the parent vine, they were ready to be severed and transplanted. They might have been severed in the fall of 1909, but were left attached until the following spring, to give them greater strength and vitality. It was necessary to sever and transplant them in the spring both for their own good and that of the vineyard. They were a crop that matured at the time they should be separated from their parents.

They were personal property, *fructus industriales,* just as pendant apples are personalty when they are ripe and should be gathered.

"Waste," says ELLISON, J., in Davis v. Clark, 40 Mo. App. 515, "is that which does a lasting damage to the freehold or inheritance and tends to the permanent loss of the owner in fee, or to destroy or lessen the value of the inheritance."

The removal and appropriation by the lessee of a matured crop, whether rightful or wrongful is not waste as it does no injury to the inheritance. Since the young plants were not intended to be left where they were propagated, but to be removed and transplanted, they did not belong to the inheritance, but as we have shown, were personalty. The learned trial judge properly concluded that the action must fail.

The judgment is affirmed. All concur.