KANSAS CITY RAPID MOTOR & TRANSPORTA-
TION COMPANY, a Corporation, HENRY C.
SHIMP, H. G. SHIMP and C. F. ROUSE,
Appellants, v. W. B. YOUNG and CHARLES M.
BUSH, Respondents.

Kansas City Court of Appeals, April 5, 1915.

1. **EQUITY: Set-Off: Restraining Collection of Judgment Until
   Equitable Set-Off Can Be Obtained.** A court of equity has
   power to restrain a judgment creditor from collecting a judg-
   ment against a debtor until a claim of the latter against the
   former has been judicially established and then permit an
   equitable off-set of the one against the other where the judg-
   ment creditor is insolvent.

2. ————: ————: **Negligence.** But the judgment debtor must
   not be guilty of such negligence as to render his demand for a
   set-off inequitable. And this is especially true where the claim
   which is sought to be established and used as a set-off against
   the judgments was in existence during all the litigation leading
   up to the judgments, and was allowed to slumber among the
   assets of the corporation until it lost its charter privileges as a
   corporate entity, and the judgments had been assigned to another
   in good faith, for a valuable consideration and without notice
   of such claim. In such circumstances the rule that an assignee
   of a judgment takes it subject to all the equities existing in
   favor of the judgment debtor even when the assignee has no
   notice of such equities, has no application. To apply it would
   violate the equitable maxim that "Equity aids the vigilant and
   not those who slumber on their rights."

3. ————: ————: **Attorney's Lien.** Where the debt which
   plaintiff seeks to offset against a judgment grows out of a matter
   wholly unrelated to the matter out of which the judgment
   arose, the lien of the attorney procuring the judgment is not
   inferior or subject to the right of set-off.

4. **CORPORATIONS: Forfeiture of Privileges.** Under Sec. 15,
   Laws 1913, p. 171, a corporation against which a *non est* certifi-
   cate has been filed in the Secretary of State's office by the prose-
   cuting attorney pursuant to Sec. 3031, R. S. Mo. 1909 while it
   was in force, had until October 1, 1913, thereafter to withdraw
   that suspension, and having failed to do so such corporation
   forfeited its corporate rights and privileges.

188MA19

Appeal from Jackson Circut Court.—*Hon. D. E. Bird,* Judge.

AFFIRMED.

George L. Davis, John G. Park and A. H. Wagner for appellants.

Johnson & Lucas and R. W. Crimm for respondents.

TRIMBLE, J.—Injunction to restrain the collection of two judgments in favor of W. B. Young until a claim against him, originally in favor of the Kansas City Rapid Motor and Transportation Company, for $2945.75 can be judicially established and then applied as an equitable setoff against the aforesaid judgments. The ground upon which equitable relief is sought is the insolvency of Young. To properly understand the case it is necessary to state in some detail the facts out of which it arose.

In 1910, defendant Young had an automobile stored at the garage of the Kansas City Rapid Motor and Transportation Company. It was claimed by said company at that time that Young was indebted to it in the said sum of $2945.75 and that said automcbile was pledged as security therefor. Young took the automobile from the company's garage and stored it elsewhere. The company followed and seized the automobile, returned it to the company's garage, and, through its officers and agents, Henry C. Shimp, H. G. Shimp and C. F. Rouse, had Young arrested for taking the automobile. Young thereupon brought replevin for the automobile and also a suit for damages against the company and the above-named persons for false imprisonment. He was successful in both suits. On May 14, 1912, he recovered judgment for the possession of the automobile and damages in the sum of

$150 for its taking and detention; and on May 1, 1913, he obtained judgment in the other suit for $3000. Both causes were appealed to this court where they were affirmed on April 8, 1914.

On this last-named date this proceeding in equity was brought to restrain the collection of said judgments until the claim of $2945.75 against Young has been judicially established in order that it may be used as an equitable set-off as herein above stated.

In 1911, prior to the rendition of Young's two judgments, the Kansas City Rapid Motor and Transportation Company ceased to do business. It was not judicially dissolved but ceased business and whatever assets it had were turned over in some way to a new corporation. On May 12, 1911, the prosecuting attorney certified that it had ceased to transact business and no officers thereof could be found so that it had become prima facie a defunct corporation under section 3031, Revised Statutes 1909.

Although the name of the Kansas City Rapid Motor and Transportation Company appears in the bill for injunction as a plaintiff along with the other individual plaintiffs, yet the allegations of the bill are that said company has ceased to do business; that said Henry C. Shimp has, as the owner of all its stock, taken over all of its assets and assumed all of its liabilities, and consequently is the owner of the claim of $2945.75 against Young, and as such owner is, on account of Young's insolvency, equitably entitled to have the collection of Young's judgments stayed until he can obtain a judgment on the above company claim and set it off against the said judgments.

The defendant Bush was the attorney for Young who prosecuted the two cases to judgment for him. Bush filed a separate answer under oath wherein he denied that Shimp was the owner of the claim against Young and set up that he had a lien on the judgments for his services; that plaintiffs have been guilty of

gross laches; that at the time of the filing of the injunction suit defendant Young did not own the said judgments and had no title nor interest in either of them. The defendant Young filed a separate answer in which he set up that he had assigned the said judgments and had no interest in either of them and also denied that Shimp was the owner of the assets of the Kansas City Rapid Motor & Transportation Company. The chancellor heard the evidence and dismissed the bill. Plaintiffs have appealed.

The right of the Kansas City Rapid Motor and Transportation Company to obtain or procure an equitable set-off is not involved herein because all of its assets have been taken from it according to plaintiff's own theory. There is involved herein only the right of Henry C. Shimp as assignee of the company's claim against Young to procure an offset against Young's judgments. The corporation is not asking to have its debt set off. In the situation in which the case is brought, only the right of Henry C. Shimp to an equitable set-off is presented for consideration. Under these circumstances a chancellor will look closely at the facts upon which Shimp bases his title to the claim against Young and his consequent right to compel a set-off.

The claim against Young was in existence in 1910 before any of the litigation arose between him and the company. According to plaintiffs' evidence, the assets of the company, including the Young claim, were turned over to Shimp in December, 1910. And yet as late as May 1, 1913, a suit was instituted by the corporation against Young on this claim in which it was alleged that *it* owned the claim. By a strange coincidence this suit was instituted on the same day the judgment for $3000 was rendered in Young's favor for the false imprisonment. If the claim had been assigned to Shimp in December, 1910, why was the company suing on it in 1913? It is true that nearly

a year later this suit was amended so as to make Shimp plaintiff therein as the owner of said claim, but this was on March 27, 1914, a few days before the call of the two appeal cases in the appellate court, and at that time it was known that they would be affirmed for failure of the appellants to properly perfect their appeal.

As to the proof of a transfer of the claim against Young to Shimp there is not a line of documentary evidence to establish it. No records were written up or preserved. No consideration was paid, no bill of sale contract or written assignment. It is testified to that a meeting of directors was held at which it was voted to turn over all the assets to Shimp he agreeing to become liable for the debts, and that a resolution to that effect was passed and he signed it individually as well as president of the corporation; that minutes of this meeting were noted on a piece of paper but never written up in the records of the corporation, and that the paper was thrown into a drawer and was afterwards lost. But when Shimp himself was asked as to his title to the Young claim, he testified as follows: "Q. Now you state to the court that this account is now owned by the Kansas City Rapid Motor & Transportation Company, as I understand, is that right? A. I said it was in the name of the Kansas City Rapid Motor & Transportation Company, of which I was the owner of all of the stock. Q. I see; you are the owner of the stock, but that is the only ownership you have over the assets, is the ownership of the stock? A. I suppose if there was any indebtedness I would be liable for it. . . . Q. That is the only reason you can give to the court then, is because you owned all of the stock of the corporation, the Kansas City Rapid Motor & Transportation Company, that these claims referred to and mentioned in this suit on trial, are in your name; is that right? A. I did not say it was in my name. Q. Whose

name are they in? A. It is left in the Kansas City Motor & Transportation Company, but I am the owner of all the stock." . . . Q. There were no assignments made from the Kansas City Rapid Motor & Transportation Company, transferring any of its assets over to you, were there? A. Not necessary. Q. Therefore, you mean by that that there were not? A. Yes, sir; there were not."

In this state of the evidence it can be readily seen that the chancellor who heard the evidence may very naturally have refused to give credence to the explanation afterwards given by another as to how this transfer of the Young claim to Shimp was made. And although this is an equity suit wherein we can weigh the testimony, yet since the chancellor had the opportunity of seeing the witnesses testify, (and is therefore in a better situation than the chancellor in the old common-law equity trial where the case was heard on deposition), we are not disposed to disagree with him if he came to the conclusion that the transfer of the Young claim to Shimp was not a bona-fide and equitable transaction but was a mere mental process by which the dead rights of the corporation were sought to be galvanized into life by an assignment thereof to Shimp, under a proceeding similar to what is known in parliamentary tactics as unanimous consent. For by virtue of the *non est* certificate filed against it by the prosecuting attorney and the action thereon taken by the Secretary of State on May 13, 1911, pursuant to section 3031, Revised Statutes 1909, the right of the Kansas City Rapid Motor and Transportation Company to insist upon any corporate right or privilege, (to say nothing of an equitable right it might have), ceased on October 1, 1913, under the provisions of section 15, Laws 1913, page 171. So that the right to an equitable set-off in this case must hang upon the validity and bona fides of the title by which Henry C. Shimp obtained possession and ownership of the

Young claim, and cannot be based upon any supposed rights of the corporation itself even if the allegations of plaintiffs' bill were not as they are. Consequently, since Shimp's title comes clouded with so much doubt and suspicion, and with such contradictory evidence to support it, the decree of the chancellor dismissing plaintiffs' bill might perhaps be justified on this ground without going further.

But there are other reasons why no relief should be granted in this case. Undoubtedly a court of equity has power to restrain a judgment creditor from collecting a judgment against a debtor until a claim of the latter against the former has been judicially established, and then to permit an equitable offset of the one against the other in cases where the judgment creditor is insolvent. But even where the debts or claims to be offset are still owned by the original holders, the judgment debtor must not be guilty of such negligence as to render inequitable his demand for an offset. Otherwise what he demands as equity becomes a source of inequity. And this is especially the case here.

Shimp, who is the one seeking to compel the set-off, bases his right thereto only upon the ground that he is the assignee of a claim against Young in whose favor the two judgments were rendered. He is not the original party in interest. He is merely an assignee. As such, he is in no better position than those who now hold the two judgments rendered in Young's favor. Defendant Bush, by virtue of the Attorneys Lien Statute has a lien upon one-half of the judgments rendered. [Secs. 964 and 965, R. S. 1909.] And the evidence shows that prior to any notice of a claim on the part of Shimp and long after there was any power on the part of the Kansas City Rapid Motor and Transportation Company to enforce a claim against Young or to compel a set-off, and after it had become certain that the judgment for $3000 in Young's favor

must inevitably be affirmed in the appellate court, Young for a valuable consideration assigned the judgment to a man by the name of Smith subject to the interest Bush had therein. Smith bought and paid for said judgment with no knowledge of any claim whatever against Young, and it was clearly proved that he paid a large and substantial sum for the same. If there was a claim held by the corporation against Young, it was allowed to slumber from at least as early as February, 1910, down to May 1, 1913, before any steps whatever were taken to establish it, and then the only step taken was to file a suit in the name of the old corporation, and in which nothing further was done except to amend the petition by substituting the name of Shimp as plaintiff therein. No service was issued therein and doubtless none will be since on March 26, 1914, a petition was filed in Buchanan county in Shimp's name against Young, but, so far as the record shows, no summons has been issued in that suit. In the meantime Bush's rights in the judgments have accrued and so have Smith's. Now, since the rights of Shimp are not *inherent* in any transaction he had with Young, but depend merely upon an assignment if there was one, how can he claim that Bush and Smith acquired their rights in the Young judgments *cum onere,* and that their rights are inferior to his notwithstanding his neglect and silence for so long a time? The rule that, as a judgment is a chose in action, an assignee of a judgment takes it subject to all the equities existing in favor of the judgment debtor even when the assignee has no notice of such equities, cannot be applied to the facts in this case. To permit Shimp to stand silently and idly by and allow Smith to acquire his interest in the judgment in good faith and for a valuable consideration under the circumstances disclosed by this record would violate the maxim ''Equity aids the vigilant not those who slumber on their rights.''

As to the defendant Bush's right to a lien for his fee, it will be noticed that the judgments are for torts, while the claim alleged to be held against Young grows out of contract.  In other words the debt which plaintiffs seek to offset against the judgments grows out of a matter wholly unrelated to the matters out of which the two judgments arose.  Consequently, the attorney's lien thereon given by the statute should not be considered inferior to plaintiffs' right to a set-off even if that right were otherwise clearly established as to the remainder of such judgments.  [State ex rel. v. United States Fidelity & Guaranty Co., 135 Mo. App. 160, l. c. 166; Roberts v. Mitchell, 94 Tenn. 277; Carter v. Bennett, 6 Fla. 214.]

It is contended that the assignment of the judgment to Smith was improperly admitted in evidence. We do not think so, but if it was, there was no sufficient objection to make its admission reversible error. [Roe v. Bank of Versailles, 167 Mo. 406, l. c. 422; Stark v. Publisher George Knapp & Co., 160 Mo. 529, l. c. 553; Adair v. Mette, 156 Mo. 496, l. c. 507.]

The judgment is affirmed.  All concur.