LULA A. JEGGLIN, APPELLANT, v. ROBERT B. ORR ET AL., RESPONDENTS.

Kansas City Court of Appeals.   May 26, 1930.

774

*Gresham & Gresham* and *Eastin & McNeely* for appellant.

*Randolph & Randolph* and *Miles Elliott* for respondents.

BARNETT, C.—Plaintiff filed a bill in equity to enjoin an execution of a judgment which had been rendered against her in favor of one John P. Randolph on the ground that a suit was pending wherein plaintiff was seeking judgment against Randolph on a promissory note and that Randolph was insolvent. Plaintiff prayed that execution be stayed by injunction until her suit could proceed to judgment against Randolph so that she might have a set-off of the judgments in the event she procured judgment against Randolph in the pending suit. Plaintiff was granted a temporary injunction and upon final hearing the evidence disclosed that on the 3rd day of July, 1925, plaintiff filed suit against Randolph upon a promissory note for $1000 due June 15, 1925, less a payment thereon of $500. Defendant in that case filed a counterclaim in which it was alleged that the note in suit was null and void and had been cancelled and that there was a failure of consideration therefor and in which he alleged that plaintiff had taken possession of the leased premises and certain personal property belonging to defendant by means of fraud and deceit and an unlawful conspiracy, for which he prayed $20,814.16 actual and $10,000 punitive damages. There was a verdict for plaintiff for the unpaid balance of the note and interest and for defendant in the sum of $4000. Whereupon, the court rendered judgment for defendant for the amount of his verdict less the amount of the verdict for plaintiff. In this manner defendant obtained a judgment against plaintiff in the sum of $3,405.56. Plaintiff appealed and the judgment was affirmed on June 26, 1928, and the mandate of this court was returned to the circuit court of Buchanan county where the judgment had been rendered on the 26th day of July, 1925. Plaintiff filed another suit against Randolph seeking recovery upon a promissory note for $2000 due July 15, 1925. This suit is still pending. The evidence shows that if Randolph is liable upon the $2000 note upon which the pending suit has been brought, he is insolvent. Both of plaintiff's notes were given pursuant to the contract whereby plaintiff leased the summer resort property to Randolph, so that both of plaintiff's notes and Randolph's cause of action upon his counterclaim arose

out of the same transaction. The judgment in favor of Randolph upon his counterclaim was rendered March 5, 1927, and was assigned to Robert B. Orr on the 10th day of July, 1928, fourteen days after the mandate had been returned, pursuant to an affirmance of the judgment by this court.

It is alleged in the petition that the assignee of the judgment knew at the time the assignment was made that plaintiff had a demand against Randolph and that suit was pending thereon in the circuit court of Buchanan county; that defendant Orr paid nothing for the alleged assignment, and that it was made for the purpose of endeavoring to prevent a set-off by the plaintiff. Defendant Randolph testified that the Fidelity Trust Company held his notes for $15,000 to $17,000; that the trust company had gone into liquidation and that defendant Orr was the deputy commissioner of finance in charge of liquidation; that defendant assigned the judgment upon his counterclaim as security for notes he owed to the trust company. He did not testify as to whether defendant Orr had knowledge of plaintiff's pending claim against him. Defendant Orr did not testify at all. Mr. W. J. Gresham was a witness for plaintiff and he testified that he was one of the attorneys for plaintiff in the suit on the $1000 note in which Randolph recovered judgment upon his counterclaim. He was asked to state why it was that he did not undertake to plead the cause of action on the $2000 note as against the counterclaim set up in that suit. Respondent's attorney then made the following objection:

"We object to that as it could not throw any light upon this suit and the only question would be whether plaintiff had a right to claim upon this $2000 note."

.The court said:

"If it is a question of the policy of the management of the other suit it would not be admissible, but if it is a question of denial of a legal right to file it, that is something you would have a right to show."

Defendant's attorney then said:

"If the court please, we object to any testimony of policy or management of the case or action with reference to making two cases or one case, because the only question here involved of that kind is a question of law and not subject to testimony of witness."

The objection was sustained. The court found the issues for the defendant and ordered plaintiff's petition dismissed and the temporary injunction dissolved. A motion for new trial was overruled, and plaintiff appealed.

## OPINION.

There is no question but what a court of equity has power to restrain the collection of a judgment until the claim of the judgment

debtor against the judgment creditor has been judicially determined, and then permit an equitable set-off of the one judgment against the other when the judgment creditor is insolvent. [Kansas City, etc., Trans. Co. v. Young, 188 Mo. App. 289, 175 S. W. 95; Barnes v. McMullins, 78 Mo. 260; Wright v. Salisbury, 46 Mo. 26; Smither v. Perry, 197 Mo. 438.] Respondent contends that plaintiff was not entitled to an injunction because, in seeking set-off, she has been guilty of such negligence in regard to the claim as to make it inequitable to grant injunction, and relies on Kansas City, etc., Trans. Co. v. Young, supra, as authority for that proposition. That case only announces the doctrine of laches. The court held that equitable set-off would not be permitted in that case because the judgment debtor had delayed bringing his action until the judgment against him had been assigned in good faith and for a valuable consideration and without notice of such claim; that in such circumstances the rule that an assignee of a judgment takes it subject to all the equities existing in favor of the judgment debtor even when the assignee has no notice of such equities has no application, because to apply it would violate the maxim that "equity aids the vigilant not those who slumber on their rights." The rule announced in that case is sound and just; but it has no application here. In the instant case it is alleged that the assignee knew of the claim and pending suit against the assignor of the judgment. That was matter peculiarly within the knowledge of the defendant. While laches could have been predicated upon the ignorance of the assignee of any claim to an equitable set-off against the judgment, yet this was an affirmative defense and it devolved upon the defendants to introduce evidence to that effect. An unfavorable presumption arose against the assignee by reason of his failure to testify. [Stephenson v. Kilpatrick, 166 Mo. 262, and authorities there cited.] It is plain that plaintiff in this case should not be denied relief because she delayed bringing her action. Defendant Orr, who alone was entitled to invoke laches, not only failed to testify as to whether he had knowledge of plaintiff's pending claim, but he also failed to testify as to whether he gave anything of value for the judgment. On the other hand, defendant Randolph testified that the assignment was to secure pre-existing debts. It therefore appears that Orr has not changed his position to his injury. Mere delay does not constitute laches. There must be some showing that the defendant, by the delay of plaintiff, has been induced to change his position so that injury will result to him if the bill be entertained. [Dillman v. Davison, 239 S. W. 505; Favies v. Keiser, 297 Mo. 1; Rollestone v. Bank of Commerce, 299 Mo. 57.]

Respondent contends that the trial court properly denied relief because plaintiff had an adequate remedy at law by which she could have obtained a set-off. It is contended that she could have pro-

cured a consolidation of the suits upon the two notes. Our statute provides that whenever several suits *founded alone upon liquidated demands* shall be pending in the same court by the same plaintiff against the same defendant, the court in which the same shall be prosecuted may, in its discretion if it appears expedient, order such suits to be consolidated into one action. [Section 1393, R. S. 1919.] Surely, the plaintiff could not be expected to take precautions against the counterclaim of an insolvent defendant until the counterclaim was pleaded. When the counterclaim was filed the suit was then upon both the petition and the counterclaim, and was no longer founded *alone* upon liquidated demands. The counterclaim prayed for unliquidated damages in the sum of more than $30,000, and the judgment was for $4000. The courts of this State have held that the statute is the only authority for consolidation of actions, and an order of consolidation which does not come within the provision of the statute is reversible error. [Priddy v. Mackenzie, 205 Mo. 181; Anderson v. Gaines, 156 Mo. 664; Winters v. Railroad, 124 Mo. App. 600.]

In our opinion it is not necessary to determine that the two cases could have been consolidated. It is sufficient to sustain the plaintiff's right to maintain the present action that the propriety of such proceeding was extremely doubtful. [French v. Garner, 7 Port. (Ala.) 549.] Such a consolidation has not received the sanction of the Missouri courts, and there are grave reasons against the propriety of such a course. In the case of Aimee Realty Co. v. Haller, 128 Mo. App. 66, a painter had a contract with the owner of twenty-five houses to paint them all. Under the law he was entitled to file twenty-five mechanic's liens and to enforce each by an action in the justice court. The owner had a meritorious counterclaim growing out of the contract which he could not interpose because it exceeded the jurisdiction of the justice. The contractor was insolvent. The St. Louis Court of Appeals held that a bill in equity might be maintained to enjoin the prosecution of the suits to enforce the mechanic's liens because defendant was insolvent and because this would prevent a multiplicity of suits. The court stated that the rule as to avoiding a multiplicity of suits was not applied when the several legal actions might be consolidated, but that the right of appellant to have the suits consolidated was precarious, and it seemed doubtful whether the different demands fell within the claim of liquidated demands which alone might be consolidated in the discretion of the court, and that therefore whatever legal remedy the appellant might have was neither plain nor adequate. The general rule is that a writ of mandamus will not issue if relator has a plain and adequate remedy, either at law or in equity, by appeal or otherwise. Yet in State ex rel. v. Homer, 249

Mo. 38, the Supreme Court issued a writ of mandamus to compel a trial court to exercise jurisdiction which was, according to the admitted facts, conferred upon it by statute. It was said that the right of relator to have reviewed the action of the trial court by appeal was considered doubtful because there was much respectable authority to the effect that mandamus was the only proper remedy when a circuit court refused to proceed with a case because of an opinion that it did not have jurisdiction. If plaintiff's right to have the two causes consolidated was well established in Missouri, then respondent's contention would necessarily be taken much more seriously; but we do not think her remedy was plain. She should not have to run the risk of injecting untried experiments into her lawsuit which might result in a reversal of her judgment if she was successful in the trial court, in order to avoid the charge that she had a plain, adequate remedy at law which she neglected to assert. [21 C. J. 53, and authorities there cited.]

Respondent claims that appellant could have obtained a set-off at law by adding another count to her petition in the first suit alleging a cause of action upon the $2000 note. It must be remembered that the suit upon the $1000 note was filed before the $2000 note became due. The general rule is that a suit is prematurely brought if the petition is filed before the cause of action has accrued, and such a suit may not be maintained, even though the cause of action has accrued at the time of the trial. As a consequence it has been held that an amended petition may not set up any cause of action which had not accrued when the original petition was filed. [Rice v. McClure, 74 Mo. App. 379; Davis v. Clark, 40 Mo. App. 515; Lenox v. Vandalia Coal Co., 158 Mo. 473; Cook v. Redman, 45 Mo. App., l. c. 402-3; 31 Cyc. 391.] Respondent seeks to avoid the application of this rule by suggesting that when the cause of action accrued upon the $2000 note, plaintiff could then have dismissed the first suit and filed a petition in two counts, thus suing upon both notes. We have already said that the plaintiff was not required to take steps to protect the right of set-off against the defendant's counterclaim until the counterclaim was filed. After the counterclaim was filed the dismissal of the first suit would not work a dismissal of the counterclaim. Therefore, if such a course had been pursued the plaintiff would have been compelled to seek an injunction to protect her right of set-off as to both notes instead of one only. This would not have bettered her position. Furthermore, we hold that when the cause of action accrued upon the first note she had an absolute right to bring her suit forthwith, and there is no principle of law or equity that requires a person who has several causes of action against one defendant to wait until all have matured before instituting proceedings upon any one.

It is true that there is much authority to the effect th.
of equity will not entertain a bill praying equitable set-
plaintiff unnecessarily neglected to avail himself of his cla
defense, set-off, counterclaim or otherwise, in the action at
which the judgment was rendered, the enforcement of whi
seeks to restrain. [Hendrickson v. Hickley, 17 How. 443; Fillm(
Hodgman, 71 Ill. App. 554; Faulconer v. Stinson, 44 W. Va. , .,;
Twigg v. Hopkins, 85 Md. 301; Walcott v. Jones (Mass.), 4 Allen
367; Middleton v. Fashee (Ala.), 68 So. 890.]

There is also authority to the contrary. [Norton v. Wockler, 31
Tex. Civ. App. 522, 72 S. W. 1025; Hughes v. M'Coun's Adm'r, 3
Bibb (Ky.), 254.] The Supreme Court of Missouri seems to have
acquiesced in the minority rule. In Wright v. Salisbury, 46 Mo. 26,
a bill in equity was brought to set off a claim and enjoin the collec-
tion of a judgment. It developed that plaintiff's claim had been
pleaded as a set-off to the suit in which defendant had obtained his
judgment. The court held that the set-off had not been adjudicated,
that plaintiff was not bound to set up his claim as a defense to the
former suit, and that the case was a proper one for equitable inter-
ference.

Respondent contends that this case may not be reviewed upon
the evidence because it is a proceeding in equity and the record
does not show that all the evidence in the trial court has been pre-
served. There is nothing appearing upon the face of the abstract of the
bill of exceptions that indicates that any evidence has been omitted.
Apparently respondents base their claim upon the fact that the bill of
exceptions does not affirmatively recite that the printed matter is
all of the evidence.

Rule No. 13 of our court provides that it shall be presumed as a
matter of fact in all bills of exceptions that they contain all of the
evidence applicable to any particular ruling to which exception is
saved.

The case of Heffernan v. Weir, 99 Mo. App. 301, relied upon by
respondents was decided at a time when the St. Louis Court of
Appeals had a rule similar to ours. In that case that court held
that unless it affirmatively appears that all of the evidence offered
in the trial court has been preserved the practice of the appellate
courts in an equitable proceeding is to decline to review the cause.
However, in that case the court said that "the testimony as ab-
stracted is evidently only part of the proof, documentary and oral,
offered at the hearing." There is nothing in that case which justifies
the conclusion that our rule does not apply to equity cases. All
the evidence must be brought up in a lawsuit if it is claimed that
a demurrer to the evidence should have been sustained. It thus
appears that an attempt to distinguish the two classes of cases so
far as the application of the rule is concerned is not justified.

The decree of the trial court should be reversed and the cause remanded with directions to enter a decree for plaintiff enjoining defendants from proceeding with the sale of her property under execution issued in the case of Lula A. Jegglin, plaintiff, against defendant John P. Randolph, in which final judgment was rendered by the circuit court of Buchanan county, Missouri, on March 5, 1927, in favor of John P. Randolph for $3,405.56 and costs until such time as plaintiff will have had an opportunity to try her suit filed against defendant John P. Randolph on the 26th day of July, 1925, in the circuit court of Platte county, Missouri, and now pending, on change of venue, in the circuit court of Buchanan county, Missouri. The commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of BARNETT, C., is adopted by the court. The decree is reversed and the cause remanded with directions set out in the opinion. *Bland* and *Arnold, JJ.,* concur; *Trimble, P. J.,* absent.