# AUGALA GRUENDER et al. v. ELIZABETH FRANK et al., Appellants.

### Division Two, May 31, 1916.

1. **WILL CONTEST: Pleading: Interest of Plaintiff.** In a suit to set aside a will the petition must allege such facts as show that the contestant has a financial interest in the estate and one which would be benefited by setting the will aside, unless such facts are admitted by the pleadings of the proponents. Otherwise, the petition will not show a cause of action.

2. ————: ————: ————: **Waiver.** A failure to allege in the petition that plaintiff has such a financial interest in the probate of the will as will enable him to institute a suit contesting its validity is not a defect to be classed as a want of "legal capacity to sue," and one that must therefore be raised by demurrer or answer, and if not so raised is to be considered waived. Lack of "legal capacity to sue," as used in the statute, has reference to some legal disability of the plaintiff, such as infancy, idiocy, coverture, and has no reference to the fact that the petition fails to state a cause of action.

3. ————: ————: ————: ————: **General Denial: Demurrer to Evidence.** A petition which fails to state the interest of plaintiff in the probate of the will does not state a cause of action for setting aside the will, and that defect is not waived by failure to make specific objection by demurrer or answer, but a general denial contained in one of the answers is sufficient to raise the issue of fact, and plaintiff is thereby required to prove the existence of such facts as will show him entitled to maintain the suit; and if he fails to do so the court errs in overruling a demurrer to the evidence.

4. ————: ————: **Stating Interest of Heirs.** The body of the petition in a suit to set aside a will should allege facts showing that plaintiffs are heirs of the deceased testator. It is not enough simply to name them in the caption.

Appeal from Cole Circuit Court.—*Hon. John M. Williams*, Judge.

REVERSED AND REMANDED.

*Gove & Davidson* and *Pope & Lohman* for appellants.

(1) The court erred in not giving the instructions asked by defendants in the nature of a demurrer

to the evidence, for the reason that the petition is fatally defective in failing to allege that plaintiffs were interested in the disposition or devolution of the estate of deceased, and no evidence was given or offered to show such interest. Borland on Wills (Enlarged Ed.), sec. 74; R. S. 1909, sec. 555; State ex rel. v. McQuillin, 246 Mo. 689; Lilly v. Tobbein, 103 Mo. 477; Church v. Tobbein, 82 Mo. 418; Hans v. Holler, 165 Mo. 47; Stowe v. Stowe, 140 Mo. 594; Wells v. Wells, 144 Mo. 198; Kishman v. Scott, 166 Mo. 215; Vaile v. Sprague, 179 Mo. 393; Watson v. Anderson, 146 Mo. 333; Eddy v. Park, 31 Mo. 518; Stewart v. Coshon, 238 Mo. 662; Kelley's Probate Guide (4 Ed.), sec. 86, p. 74, ch. 10. (2) The petition fails to state facts sufficient to constitute a cause of action. Pier v. Heinrichhoffer, 52 Mo. 333; Scott v. Rombard, 67 Mo. 289; Christian v. Ins. Co., 143 Mo. 460; Chitty v. Railroad, 148 Mo. 64; Land v. Live Stock Co., 163 Mo. 342. (3) All interested parties must be before the court in a contested will case, otherwise the case will be dismissed. Eddy v. Park, 31 Mo. 518; Wells v. Wells, 144 Mo. 198; Kishman v. Scott, 166 Mo. 215; Vaile v. Sprague, 179 Mo. 393; Watson v. Anderson, 146 Mo. 333; Scott v. Rombard, 67 Mo. 289; Land v. Live Stock Co., 163 Mo. 342.

*Irwin & Peters* and *D. F. Calfee* for respondents.

(1) Proceedings in reference to contest of a will are proceedings *in rem*. The heirs at law and devisees are made nominal parties, but the proceeding is *ex parte*. Garvin's Admr. v. Williams, 50 Mo. 212; Vaile v. Sprague, 179 Mo. 396. In this suit plaintiffs do not seek to establish any right in themselves. The action is in the nature of a proceeding *in rem* and any question as to the interest or lack of interest of plaintiffs, relates only to their legal capacity, or incapacity,

to sue.  Any objection therefore, as to plaintiffs'
supposed lack of interest, if such lack of interest ap-
peared on the face of the petition, should have been
taken by demurrer; and if it did not appear on the
face of the petition, the question should have been
raised by answer.  Defendants having failed to raise
the question by either answer or demurrer, the objec-
tion is waived. R. S. 1909, sec. 1804.  Appellants con-
tend that plaintiffs' lack of interest (or capacity to
maintain the suit), if there was any lack of interest,
appeared on the face of the petition; this issue could
have been raised only by special demurrer, and ap-
pellants having failed to raise it in this manner, the
question of plaintiffs' interest was not in issue and
it was not necessary for plaintiffs to introduce any
evidence as to such interest.  Baxter v. Transit Co.,
198 Mo. 1.  Want of legal capacity to sue and the
objection that the action is not brought in the name
of the real party in interest is waived where the
objection is not urged by demurrer where apparent
on the face of the complaint and by answer where
not so apparent.  31 Cyc. 737.  (2) There was not a
total failure to allege plaintiffs' interest; such interest
was shown by the petition.  The body of the petition
states that Rev. Gruender left surviving him, as his
heirs, certain persons, naming them.  The caption
shows that plaintiffs were the heirs at law of three
of these persons, and the other one of the four was
made a party defendant.  A pleading must be con-
strued as an entirety, including the caption.  31 Cyc.
83; McCloskey v. Strickland, 7 Iowa, 259.  And es-
pecially, after verdict, resort may be had to the cap-
tion to show interest, or capacity, on the part of plain-
tiff, where by reasonable intendment a sufficient
cause of action can be made out.  State ex rel. v.
Crow, 8 Mo. App. 596; 31 Cyc. 82; Goode v. Coal Co.,
167 Mo. App. 173.  If defendants desired that the
averments of plaintiffs' petition should be made more

definite and certain, the proper mode of correction was motion before the trial. Pomeroy's Code Remedies, 596. (3) Admitting that the allegation in plaintiffs' petition, as to their interest, was defective, such defect was cured by the verdict. R. S. 1909, sec. 2119. By pleading to the merits, defendants waived all objections to mere formal defects; the only objection they can raise in this court is, that the petition, when taken altogether, fails to state a cause of action; not that a cause of action is defectively stated. Seekinger v. Mfg. Co., 129 Mo. 598; Reineman v. Larkin, 222 Mo. 172. (4) If the question of the pecuniary interest of the petitioners in a proceeding for the revocation of the probate of a will is not raised before the surrogate, it will not be considered on appeal from a judgment revoking such probate. In re Liddington's Will, 4 N. Y. Supp. 648; Thompson v. Farr, 1 Spear's L. (S. C.) 100; In re Robinson, 106 Cal. 496. (5) Plaintiffs' statement that they were the heirs at law of three of the persons named in the body of the petition as the surviving heirs at law of Rev. Gruender at the time of his death, is a sufficient allegation that plaintiffs would be entitled to share in the distribution of the estate in case of Rev. Gruender's intestacy, and is therefore a sufficient allegation of such interest in plaintiffs as enabled them to maintain this suit. Especially is this true after verdict, the petition being aided by all reasonable inferences and intendments. An heir is one on whom the law casts an estate upon the death of the ancestor. Desloge v. Tucker, 196 Mo. 599; Brown v. Bank, 66 Mo. App. 431. The term "heirs at law," when used with respect to personal property, may properly be regarded as meaning next of kin. Train v. Davis, 98 N. Y. Supp. 820. An heir at law is one who succeeds to the estate of a deceased person. McKinney v. Stewart, 5 Kan. 394; 4 Words and Phrases, 3265.

WILLIAMS, C.—This is a suit to set aside the will of Rev. John Gruender, deceased.

From a verdict and judgment revoking the will, upon trial in the circuit court of Cole County, defendants have duly appealed to this court.

The case was argued and submitted at the April (1915) term of this court, and was then assigned to the late lamented Judge BROWN. His untimely death intervening necessitated a reassignment of the case which was recently done. Hence the delay in delivering an opinion in the case.

The conclusion that we have reached in the case renders it unnecessary that we should burden this opinion with a detailed statement of the facts disclosed by the somewhat voluminous record in the case, but we shall confine the statement to such facts only as shall be necessary to a determination of the case upon this appeal.

That portion of the caption of the petition describing the plaintiffs was as follows:

"Augala Gruender, Henry Behler and Ignatz Gruender, heirs at law of Joseph Gruender, deceased. Ignatz Beller, Frederick Beller, Clara Beller, Joseph Beller, heirs at law of Lissetta Beller, Andrew Amelunsen, Ignatz Amelunsen, Maria Amelunsen, Elizabeth Amelunsen, August Amelunsen, heirs at law of Antoinette Amelunsen, deceased, plaintiffs."

The petition contained the following allegation:

"Plaintiffs for their cause of action say that John Gruender died testate at the county of Cole and State of Missouri on the 20th day of March, 1909, *leaving surviving him as his heirs at law, Joseph Gruender, Lissette Beller, Antoinette Amelunsen and Ignatz Gruender.*"

There was no further allegation in the petition as to the interest of plaintiffs in the estate of the deceased in the event his will should be revoked.

Neither was there any proof offered at the trial to show that, the plaintiffs or either of them would share in the distribution of the testator's estate in the event the will should be set aside.

Appellants, seeking a reversal of the judgment below, urge among other grounds the following:

(1) That there was no evidence introduced tending to show that the plaintiffs or any of them would share in the distribution of decedent's estate if the will were revoked and that, therefore, the court erred in overruling the defendant's demurrer to the evidence which was offered at the close of all the evidence.

(2) That the petition fails to state facts sufficient to constitute a cause of action in that the petition does not allege sufficient facts to show that the plaintiffs were interested in the probate of said will.

I. In this State, a suit to contest a will is a statutory proceeding (Sec. 555, R. S. 1909), and the statute requires the contestant to be a

Will Contest:
Necessary
Pleading.

person *interested* in the probate of the will. The *interest* required by said statute was defined by Court in Banc in the case of State ex rel. v. McQuillin, 246 Mo. 674, l. c. 691-692, to be "a financial interest in the estate and one which would be benefited by setting the will aside."

Since it is necessary that the plaintiff have such an interest to enable him to institute the suit to contest the validity of the will, it, necessarily, follows, we think, that such facts must be alleged and proven upon the trial unless admitted by the pleadings of the proponent.

It has long been the rule in this State that in statutory actions "the party suing must bring him-

self strictly within the statutory requirements necessary to confer the right [of action], and this must appear in his petition; otherwise, it shows no cause of action." [Barker v. Hannibal & St. Joseph Ry. Co., 91 Mo. 86; Chandler v. Railroad, 251 Mo. 592, l. c. 600-601, and cases therein cited.]

Respondents insist that this defect in the proof relates merely to the want of the plaintiffs' "legal capacity to sue." That it was, therefore, such a matter as should have been raised by demurrer if it appeared upon the face of the petition (Sec. 1800, R. S. 1909), or by answer if it did not appear upon the face of the petition (Sec. 1804, R. S. 1909), and that the defendants having failed to raise it specially, either by demurrer or by answer, thereby waived the objection (Sec. 1804, supra) and relieved plaintiffs of the necessity of making the proof. *If* the defect is one that relates merely to the "legal capacity" of the plaintiffs to sue, the position taken by respondents is sound. [Baxter v. St. Louis Transit Co., 198 Mo. 1; Crowl v. Am. Linseed Co., 255 Mo. 305, l. c. 327-328, and cases therein cited.]

Was the defect one which involved the "legal capacity" of the plaintiffs to sue? We think not.

The phrase "that the plaintiff has not *legal capacity* to sue" found in the Code "has reference to some legal disability of the plaintiff, such as infancy, idiocy, coverture," etc., or that the person attempting to sue in a representative capacity such as curator, administrator, etc., "has no title to the character in which he sues," and has no reference to the fact that the petition fails to show a right of action in the plaintiff. [Bliss on Code Pleading (3 Ed.), secs. 407-8; Ward v. Petrie, 157 N. Y. 301; McKinney v. Minahan, 119 Wis. 651; Pence v. Aughe, 101 Ind. 317; Brown, Executor, v. Critchell, 110 Ind. 31; Howell v. Iola Portland Cement Co., 86 Kan.

450; Littleton v. Burgess, 16 Wyo. 58; M. K. & T. Ry. Co. v. Lenahan, 39 Okla. 283.]

We are of the opinion that the defect is one which properly falls within the *sixth* clause of section 1800, Revised Statutes 1909, viz., ''that the petition does not state facts sufficient to constitute a cause of action,'' and hence was a matter that was not waived by virtue of failing to comply with the provisions of section 1804, supra.

''It is elementary that a complaint good in law must not only state a complete cause of action against the defendant, but it must also show a right of action in the plaintiff.'' [Hunt v. Monroe, 32 Utah, 428.] To the same effect are: Biddle v. Boyce, 13 Mo. 532; State ex rel. v. Dodson, 63 Mo. 451; 31 Cyc. 102, and cases therein cited; Niemi v. Stanley Smith Lumber Co., 149 Pac. 1033, l. c. 1035.

''When the plaintiff is a natural person, under no legal disability to maintain actions, a failure to state a cause of action in his own favor goes to the sufficiency, in substance, of the petition, not to his legal capacity.'' [M. K. & T. Ry. Co. v. Lenahan, supra, l. c. 295.]

In the case of Board of Commissioners of Tipton County v. Kimberlin, 108 Ind. 449, l. c. 452-3, it was said:

''It has always been held by this court, that the second statutory cause for demurrer to a complaint, namely, 'that the plaintiff has not legal capacity to sue,' has reference only to some legal disability of the plaintiff, such as infancy, insanity or idiocy, and not the fact, if it be the fact, that the complaint on its face fails to show any cause or right of action in the plaintiff. [Dale v. Thomas, 67 Ind. 570; Dewey v. State ex rel., 91 Ind. 173; Traylor v. Dykins, 91 Ind. 229.]

''But we have often held, and correctly so we think, that a demurrer to a complaint for the fifth

statutory cause of demurrer, namely, 'that the complaint does not state facts sufficient to constitute a cause of action,' calls in question not only the sufficiency of the facts stated to constitute a cause of action, but also the right or authority of the particular plaintiff to bring and maintain a suit upon such cause of action. [Pence v. Aughe, 101 Ind. 317; Wilson v. Galey, 103 Ind. 257; Walker v. Heller, 104 Ind. 327; Frazer v. State to use, 106 Ind. 471.]"

Since the matter was such as was not waived by failing to make specific objection either by demurrer or answer, we are of the opinion that the general denial contained in one of the separate answers filed was sufficient to raise the issue of fact and that plaintiffs were thereby required to prove the existence of such facts as would show them entitled to maintain the suit. Having failed to do so, the court erred in overruling the demurrer to the evidence.

II.   It is further contended that the petition failed to state facts sufficient to constitute a cause of action in that it failed to allege facts showing that plaintiffs were interested in the probate of the will as required by section 555, Revised Statutes 1909. The body of the petition does not allege facts that would show that plaintiffs were the heirs of the deceased testator, but gives the names of four persons (other than plaintiffs) who are alleged to have been the heirs of the testator. The caption of the petition describes the three groups of plaintiffs as the respective heirs of persons bearing the same names as three of the heirs alleged in the body of the petition and respondents insist that the petition, in this regard, may be aided by the matters contained in the caption. Since the case must be reversed and remanded, it becomes unnecessary to determine whether or not the petition was, in this regard, fatal-

ly defective. It is sufficient to say that proper practice would require that matters of this kind be set forth in the body of the petition. [Sec. 1794, Revised Statutes 1909.] Since the case must be remanded, however, plaintiffs will have an opportunity to amend their petition and thereby avoid the point upon a retrial of the cause.

The judgment is reversed and the cause remanded. *Roy, C.,* concurs.

PER CURIAM.—The foregoing opinion by WILLIAMS, C., is adopted as the opinion of the court. All of the judges concur, except *Revelle, J.,* not sitting.