**FIRST PRESBYTERIAN CHURCH OF MONETT, Plaintiff-Respondent,**

v.

**George V. FEIST, Defendant-Appellant.**

No. 8523.

Springfield Court of Appeals.

Missouri.

Dec. 9, 1965.

William J. Hill, Kansas City, for defendant-appellant.

Almon H. Maus, Monett, for plaintiff-respondent.

RUARK, Judge.

In this partition case the parties are fighting over who "owns" a partition suit and will receive the benefit of Sec. 528.530 RSMo 1949, V.A.M.S. in respect to attorney fees. The facts as hereinbelow stated

come from admissions and agreements of the parties in open court and in the briefs, pleadings which admit, verified motions which were not disputed, and exhibits accompanying or offered in support, and, to some extent, by reference to Butcher et al. v. McClintock, Mo., 373 S.W.2d 917. The property is four improved city lots in Barry County. Plaintiff-Respondent First Presbyterian Church of Monett, hereinafter called Church, acquired an undivided two-thirds interest as devisee under the will of Vivian Ruth Feist. Defendant-Appellant George Feist acquired title to an undivided one-third interest by virtue of certain conveyances not concerned with such will.

On *January 24, 1958,* the will of Vivian Ruth Feist was admitted to probate, and notice of letters testamentary was published on *February 4, 1958.* On *July 18, 1962,* Church filed this partition suit, setting up the ownership above stated and alleging that because of the improvements on the lots partition in kind could not be had, that there was sufficient personal property in the estate of Vivian Ruth Feist to pay all claims, and praying for partition sale and division of the proceeds.

The Will Contest: On *October 29, 1958,* Butcher and McKemy, who were daughters of George Feist, the defendant-appellant in this case, filed in the Circuit Court of Jackson County a contest to the will of Vivian Ruth Feist under which Church was devised its two-thirds interest in the lots. The plaintiffs in that case claimed to derive their interest not as heirs but as beneficiaries under a previous will (as they alleged) of date March 31, 1941. However, as appears by their first amended petition in that case, they did not offer for probate the alleged previous will until *October 26, 1960,* on which date it was rejected by the probate court. Defendants in the will contest filed motions to dismiss such petition on the ground that plaintiffs Butcher and McKemy were not "interested parties" and were not entitled to institute or maintain the will contest because they had not, within nine months from the first publication of letters, offered the alleged will under which they claimed for probate in the probate court of Jackson County. The petition in the will contest was dismissed with prejudice on September 23, 1963. The case was appealed but not perfected and was finally disposed of on October 9, 1964, when the Kansas City Court of Appeals dismissed the appeal.

The Specific Performance Suit: On October 30, 1958 (one day after the filing of the will contest), the aforementioned Butcher and McKemy filed in the circuit court of Barry County an action seeking to enforce as third-party beneficiaries an alleged oral contract on the part of Vivian Ruth Feist to devise the property here involved and to have a trust established. That case was tried and resulted in a judgment denying such claim on *June 3, 1962.* Butcher and McKemy appealed, and that appeal was disposed of by an affirming opinion in Butcher v. McClintock, Mo., 373 S.W.2d 917. Motion for rehearing was denied January 13, 1964.

The Claim Against the Estate: Defendant Feist filed a claim against the estate of decedent Vivian Ruth Feist to recover an undetermined amount equalling one-third of rents collected by her on the properties involved for a period from May 22, 1943, to January 14, 1958. We do not have the conclusion of this assault.

To return to *this partition suit:* Defendant-appellant Feist first filed a motion to dismiss plaintiff's petition, setting up the substance of the actions which we have above related. That motion was overruled.

Feist then filed his "Answer and Cross-Petition for Partition." The answer set up that Church's title was acquired solely through the will of Vivian Ruth Feist, that her estate was still being administered, and no decree of succession or distribution had been filed; that claims were pending in

excess of five thousand dollars and in excess of the personalty, by reason of which the interest of the plaintiff was unsettled, in abeyance, and clouded; that the administrator was a necessary party. The answer also pleaded the facts of the will contest, and asserted that it lifted the will as the governing device, and that such contest was still pending at the time plaintiff Church filed its partition suit. In this cross-petition for partition, defendant pleaded that the plaintiff's title came only through the will of Vivian Ruth Feist, and that such will was in contest when plaintiff filed its petition for partition because an appeal had been taken and the appeal was not dismissed until after plaintiff's petition was filed. Therefore, plaintiff did not have a mature cause of action when it filed the partition suit. Defendant then asserted *his* right to partition (the appeal in the will contest having been dismissed by that time) and sought partition and sale.

On motions of plaintiff, the court struck out of the answer those portions referring to the will contest and that portion asserting the pendency of administration as a defense. It struck the whole of defendant's counterclaim. Defendant has appealed from the "Order of February 8, 1965, dismissing the cross-petition."

■ No motion for new trial was filed (Civil Rule 79.03, V.A.M.R.), and the appeal is from the order "dismissing the defendant's counter-petition." We consider the order striking the counter-petition because defendant had no right to maintain it as the equivalent of a dismissal with prejudice. Heard v. Frye's Estate, Mo.App., 336 S.W.2d 729; Ezell v. Ezell, Mo.App., 348 S.W.2d 592. And that is the only thing out of this whole mess which is before us.

■ First we must ascertain our jurisdiction. Dudeck v. Ellis, Mo., 376 S.W.2d 197, 204. Is the order of dismissal an appealable judgment? Appeals cannot be taken piecemeal (Swan v. Stuart, Mo.App., 350 S.W.2d 832, 833; Pizzo v. Pizzo, 365 Mo. 1224, 295 S.W.2d 377, 380) unless separate trial and judgment is ordered (Civil Rule 82.06) or except when the judgment necessarily settles all the issues between the parties. J. G. Jackson Associates v. Mosley, Mo.App., 308 S.W.2d 774, 776; Erhart v. Todd, Mo., 325 S.W.2d 750, 755. But under Sec. 512.020, V.A.M.S., interlocutory orders in partition suits are appealable if they "determine the rights of the parties."

The claim of pendency of the suit by other parties because of a "contract to devise" (if we are to be concerned with it) involved an issue to be determined by another court; and that final determination had been made unfavorably to the plaintiffs in that case prior to the judgment and appeal in this case. That issue, if it was a proper issue in this case, is done, and the point was in fact abandoned by the defendant.

■ The defense of "administration pending" was also apparently abandoned. But if not so abandoned it could not constitute an issue in *this* case. The question of claims and possible subjugation of the real estate will be determined by the probate court, and the result of that determination can affect only the final order of distribution in this case. Civil Rule 96.14; Secs. 473.260, 473.263, 473.137. See Winn v. Maddox, Mo.App., 263 S.W.2d 470; Tanner v. Tanner, 199 Mo.App. 145, 203 S.W.2d 239. The parties are in agreement that their respective titles are two-thirds and one-third and that the land cannot be divided in kind. The only real issue left between them at this time is which one of them may maintain the action in partition. Klorner v. Nunn, Mo., 339 S.W.2d 838; Hahn v. Hahn, Mo., 297 S.W.2d 559. We conclude the judgment is appealable.

■ The rule is that the first petition in partition appropriates the cause of ac-

tion and has priority. Applegate v. Brown, Mo., 344 S.W.2d 13, 17.

The appellant's theory is that a premature suit is no suit and may not be maintained even though the plaintiffs later, after filing their suit, acquire a mature cause of action (Herbig v. Herbig, Mo. App., 245 S.W.2d 455; Jegglin v. Orr, 224 Mo.App. 773, 29 S.W.2d 721; 1 Am. Jur.2d Actions, Sec. 88, p. 617, Sec. 90, p. 619) and that there can be no right to sue in partition by one who does not have a "mature" interest in the land. Appellant contends that, although a title of a devisee vests when the will is admitted to probate, upon the filing of a contest the judgment of the probate court admitting to probate is vacated and becomes naught (Johnson v. Brewn, 277 Mo. 392, 210 S.W. 55); and this is demonstrated by the fact that once a contest is filed it cannot be dismissed; the proponents have (again) the burden of establishing it in circuit court; they must make their proof, and it must (again) be established that the will *is* the will of the decedent. State ex rel. Ashton v. Imel, 243 Mo. 180, 147 S.W. 989; State ex rel. Callahan v. Hess, 348 Mo. 388, 153 S.W.2d 713. That being the case, the title which had been vested by virtue of the probate order (and which had to be *some* place) was like a bird on a long tether. It flew back and perched on the legal heirs throughout the pendency of the contest and until the question was finally settled by dismissal of contestants' appeal by the Kansas City Court of Appeals on October 9, 1964; or, if we have misunderstood appellant's theory, then it is that title was not divested (the bird stayed perched), but it was a precarious title subject to divestment and because of such was not of sufficient quality to support a partition suit during the pendency of a will contest for the obvious reason that in event the contest was successful the partition would have been between the wrong parties. As to the appellant's case for partition (which is attempted to be instituted by counterpetition), he waited until the will contest had

been finally determined by dismissal of the appeal. The bird had flown back, and the title had finally vested in the Church, or the uncertainty as to plaintiff's title had been removed, whichever it was. Hence, *his* suit was the first *maintainable* one which was filed and the Church's action must be regarded as of no consequence, an irresponsible intervention by an interloper without license to lope. For the purposes of this opinion only, we will accept the theory (whichever it is) so advanced.

A will contest is a creature of statute. Cole v. Smith, Mo., 370 S.W.2d 307, 309. By Sec. 473.083, V.A.M.S., "any person interested" in the probate of a will may contest. Sec. 473.050 provides that no proof shall be taken of any will, nor shall any certificates thereof be issued, unless the same has been presented to the court within nine months of date of first publication of the notice of granting letters testamentary or of administration. Returning to Sec. 473.083, the "interested" party must appear within nine months after the date of probate or rejection of the will and by petition to the circuit court contest the validity of the will or pray to have a will proved which has been rejected; thereupon an issue shall be made up whether the writing is the will of the testator.

■ As we read Sections 473.050 and 473.083 together, it is apparent that one claiming under a will must have presented it for probate or rejection within nine months from notice of letters and, if not, the will so (afterwards) advanced has no efficacy in transferring any title. It cannot be admitted to probate. See State ex rel. Plymesser v. Cleaveland, Mo., 387 S. W.2d 556; State ex rel. Bier v. Bigger, 352 Mo. 502, 178 S.W.2d 347. The jurisdiction of the circuit court is only derivative from the probate court. State ex rel. Siegel v. Strother, 365 Mo. 861, 289 S.W. 2d 73, 80 and cases cited; Ebling v. Hardesty, Mo.App., 354 S.W.2d 348(5). The

circuit court is without such derivative jurisdiction to entertain a suit to establish or to contest a will which has not been presented for probate. Bauer v. Benes, Mo., 289 S.W.2d 451; Breeding v. Pack, Mo., 164 S.W.2d 929.

In State ex rel. Shriners' Hospital for Crippled Children v. Hensley, Mo.App., 385 S.W.2d 820, it was held that the probate court had no jurisdiction to receive proof and either admit or reject a (prior) will which had not been presented for probate within the nine-months period and that such a (prior) will could not be interjected into a will contest.

Ebling v. Hardesty, Mo.App., 354 S.W.2d 348, is not to the contrary. That case approves the principle that contestant must have an interest, but in that case plaintiff's petition showed on its face an interest as heir; the defendant movant in a "speaking demurrer" motion interposed intervening wills; and there was no contention as to whether such wills had been offered for probate within the statutory period so as to foreclose plaintiff's interest. Also, in order to hold plaintiffs had no interest, the court would have been forced to determine whether all five previous wills were invalid. Smith v. Smith, 327 Mo. 632, 37 S.W.2d 902, is distinguishable because the fact of "no interest" did not appear on the face of the petition. Campbell v. St. Louis Union Trust Company, 343 Mo. 1041, 124 S.W.2d 1068, quotes from the Smith case, loc. cit. 1070, "Moreover, a suit to contest a will, *brought by a party in interest, the petition stating a cause of action*,[1] cannot be dismissed without an adjudication upon the will. The filing of such suit has the effect of vacating the judgment of the probate court admitting the will to probate * * *." The suit cannot be dismissed if the petition is *brought by a party in interest and states a cause of action*. Callahan v. Huhlman, 339 Mo. 634, 98 S.W.2d 704, 707.

The "interest" of one who may contest is not the interest of every busybody or tomdicary who may not approve of the will. It must be a financial or property interest derived either from inheritance or under a will. The person so contesting must either gain or lose by virtue of the will in question. State ex rel. Damon v. McQuillin, 246 Mo. 674, 152 S.W. 341; Gruender v. Frank, 267 Mo. 713, 186 S.W. 1004; Bauer v. Benes, Mo., 289 S.W.2d 451; Campbell v. St. Louis Union Trust Co., 346 Mo. 200, 139 S.W.2d 935, 129 A.L.R. 316. Plaintiffs Butcher and McKemy in the will contest did not, and could not, claim any interest by inheritance. They were the daughters of George Feist, who was a brother of the testatrix, and George Feist was very much alive (see Butcher v. McClintock, Mo., 373 S.W.2d 920). They claimed under an alleged previous will of testatrix. This will was not offered to the probate court until October 26, 1960, which was almost two years after letters testamentary and first publication of notice of granting of letters testamentary. They could claim no interest under such previous will because said will had not been admitted to probate, and *could not*, either by the probate court or by the circuit court in this contest, be declared to be the last will and testament of Vivian Ruth Feist.

It is said that the institution of a will contest vacates the probate of the will so contested; but a necessary corollary is that the institution of such a contest must be by one having the right to question that will. Campbell v. St. Louis Union Trust Co., 346 Mo. 200, 139 S.W.2d 935, 129 A.L.R. 316. It should not be within the power of a stranger or interloper having no interest in the estate to upset and destroy the solemn judgment of the probate court in admitting the will to probate. If they had no interest, they had no cause of action (Gruender v. Frank, 267 Mo. 713, 186 S.W. 1004) and, therefore,

---

1. Our emphasis.

no right to bring or maintain their contest, and the only judgment which the circuit court could enter was dismissal of such suit (Ewart v. Dalby, 319 Mo. 108, 5 S.W. 2d 428), and, there being no cause of action, the judgment of the probate court was never vacated. This being the case, respondents here have at all times since the probate of the will owned a certain undivided two-thirds interest in the land, and they so owned it when partition suit was commenced. Since they were first in appropriation of the partition, the defendant-appellant is the intruder, and the dismissal of his counter-petition was proper.

The judgment is affirmed.

STONE, P. J., and HOGAN, J., concur.