Lillian SWINNEY et al.,
Plaintiffs-Appellants,

v.

Otto CUMMINGS, Executor, et al.,
Defendants-Respondents.

No. 10942.

Missouri Court of Appeals,
Southern District,
Division Three.

May 9, 1979.

John L. Woodward, Steelville, for plaintiffs-appellants.

J. Kent Howald, Beckham, Hale & Howald, Steelville, for defendants-respondents.

BILLINGS, Judge.

Plaintiffs, initially claiming to be heirs at law of Martha C. Hell, brought this suit seeking to have her will declared invalid. The will had been admitted to probate and letters testamentary issued. By an amended petition, plaintiffs alleged they were beneficiaries under a prior will of Martha C. Hell. Defendants, legatees in the probated will, filed their motion to dismiss the plaintiffs' suit. The trial court dismissed the suit. We affirm.

Plaintiffs' statement of facts in their initial brief does not, as required by Rule 84.04(c), V.A.M.R., contain a fair and concise statement of the facts relevant to the question presented for determination, inasmuch as it includes irrelevant matters, matters outside the record, and omits certain relevant facts. Their reply brief is equally deficient. Furthermore, their appeal states it is taken from the denial of their motion to set aside the order of dismissal, rather than the judgment of dismissal entered earlier. Nevertheless, with some reluctance and a *caveat*, we will review the action of the trial court in dismissing plaintiffs' suit.

Plaintiffs are the children of Edmund Dunn, the deceased brother of Albert Dunn, deceased. Albert Dunn was Martha's first husband and their marriage ended in divorce in 1926. After the divorce Martha married Pittsford Stoval and this marriage was terminated by Stoval's death in 1959. Martha then married John Hell who died in 1968. Defendants in this suit are seven nephews and nieces of Martha and four Hell "step-sons."

Martha, declaring herself to be a resident of Cuba, Crawford County, Missouri, executed a will on January 4, 1977, and died 24 days later. This will was admitted to probate in Crawford County and letters testamentary issued to nephew Otto Cummings. The first publication of notice of letters was on February 10, 1977.

On June 9, 1977, plaintiffs, describing themselves as heirs at law of Edmund Dunn, and claiming to be heirs at law of Martha, filed this suit. The petition alleged Martha left an estate of $32,000 consisting of personal property and that the will admitted to probate was invalid because of Martha's lack of testamentary capacity and undue influence of Otto Cummings. Defendants sought dismissal of the suit, contending plaintiffs were not heirs at law of Martha and, consequently, had no right or standing to prosecute the suit. Before there was a ruling on the motion to dismiss, plaintiffs, with leave of court, filed an amended petition on August 25, 1977. This pleading alleged plaintiffs were "devisees

and legatees" in a previous will of Martha dated March 14, 1975. A copy of the alleged prior will was attached and incorporated by reference and the remaining allegations contained in the original petition were re-alleged.

Defendants countered with their motion to dismiss the amended petition, contending plaintiffs were not heirs at law of Martha, were not interested parties, and had no right or standing to maintain a contest of the probated will. Hearings on defendants' motion were held on September 26 and October 18, 1977, at which times defendants offered evidence in support of their motion. Plaintiffs stipulated they were of no blood relation to Martha. Defendants' evidence traced Martha's marriages and the kinship of defendants to Martha. The probate clerk confirmed the probate of the January 4, 1977 will, issuance of letters, and date of first publication of letters testamentary; further, that no other document had been offered for probate as the will of Martha. On November 15, 1977, the court sustained defendants' motion to dismiss the suit. Plaintiffs filed a motion seeking to set aside the order of dismissal and the court denied this motion January 31, 1978. This appeal followed.

Plaintiffs' single point is that "[l]egatees under a prior will of the decedent have such an 'interest' so as to entitle them to contest the validity of a later will, regardless of whether or not the prior will has been admitted to probate; hence, the trial court erred in dismissing the plaintiffs' action because they lacked the requisite 'interest'."

The determinative issue before us is whether or not plaintiffs, as contestants of a probated will, have the requisite standing to maintain a will contest under § 473.083, subd. 1, 1973 Mo.Laws, pp. 483–484.[1] This statute requires that a contestant be a ". . . person interested in the probate of a will . . . ."

■ A will may be contested or a rejected will established under § 473.083 only by persons "interested in the probate of a will" and this requires a contestant to have a financial interest in the estate, and one which would be benefited by setting the will aside. *State ex rel. Cooper v. Cloyd,* 461 S.W.2d 833 (Mo. banc 1971). The "interest" of a contestant must be in the probate of the will rather than the estate and our supreme court has stated that this means an interest in the estate, without having the requisite interest in probate, is not sufficient to give standing to maintain a will contest. *Cooper,* supra at 837.

■ § 473.083, subd. 1, provides: "Unless any person interested in the probate of a will [appears] within six months after the date of the probate or rejection thereof by the probate court, or within six months after the first publication of notice of granting of letters on the estate of the decedent, whichever is later, and, by petition to the circuit court of the county contests the validity of a probated will, or prays to have a will probated which has been rejected by the probate court, then probate or rejection of the will is binding."

It has been held that § 473.083 is to be read together with the limitation statute, § 473.050, 1973 Mo.Laws, pp. 482–483.[2] *First Presbyterian Church of Monett v. Feist,* 397 S.W.2d 728 (Mo.App.1965). This latter section limits the time within which a will can be presented for probate and reads as follows: "No proof shall be taken of any will nor any certificate of probate thereof issued, unless the will has been presented to the . . . Probate Court, within six (6) months from the date of the first publication of the notice of granting Letters Testamentary or of administration by any Probate Court in the State of Missouri, or within thirty (30) days from the commencement of an action under Section 473.083 to establish or contest the validity of a will, whichever is later, on the estate of the testator named in the will so presented."

The evidence received by the trial court in ruling defendants' motion to dismiss

---

1. New § 473.083, V.A.M.S. (Supp.1979) did not become effective until January 2, 1979.

2. New § 473.050, V.A.M.S. (Supp.1979) did not become effective until January 2, 1979.

makes it clear that the alleged prior will of Martha had not been presented to the probate court within six months from the date of the first publication of letters testamentary of the probated will, and it is equally clear that there was never any presentment of the alleged earlier will to the probate court within thirty days from the date this suit was filed attacking the validity of the probated will. First publication of notice of letters testamentary was on February 10, 1977. Plaintiffs' contest was filed on June 9, 1977. The clerk of the probate court testified on October 18, 1977, that no other will of Martha had been presented to the probate court of Crawford County for probate or rejection. Plaintiffs, in their briefs, do not contend otherwise.

Returning to the question of plaintiffs' "interest", we cannot improve on the words of the late Judge Ruark, writing for this court in *First Presbyterian Church of Monett v. Feist*, supra, beginning at 732:

"As we read Sections 473.050 and 473.-083 together, it is apparent that one claiming under a will must have presented it for probate or rejection within nine months [3] from notice of letters and, if not, the will so (afterwards) advanced has no efficacy in transferring any title. It cannot be admitted to probate.

\*　　\*　　\*　　\*　　\*　　\*

In *State ex rel. Shriners' Hospital[s] for Crippled Children v. Hensley*, Mo. App., 385 S.W.2d 820, it was held that the probate court had no jurisdiction to receive proof and either admit or reject a (prior) will which had not been presented for probate within the nine-months period and that such a (prior) will could not be interjected into a will contest.

\*　　\*　　\*　　\*　　\*　　\*

The 'interest' of one who may contest is not the interest of every busybody or tomdicary who may not approve of the will. It must be a financial or property interest derived either from inheritance or under a will. The person so contesting

must either gain or lose by virtue of the will in question. [Citations omitted]. Plaintiffs . . . in the will contest did not, and could not, claim any interest by inheritance. . . . They claimed under an alleged previous will of testatrix. This will was not offered to the probate court until . . . almost two years after letters testamentary and first publication of notice of granting of letters testamentary. They could claim no interest under such previous will because said will had not been admitted to probate, and *could not*, either by the probate court or by the circuit court in this contest, be declared to be the last will and testament of Vivian Ruth Feist.

It is said that the institution of a will contest vacates the probate of the will so contested; but a necessary corollary is that the institution of such a contest must be by one having the right to question that will. [Citation omitted]. It should not be within the power of a stranger or interloper having no interest in the estate to upset and destroy the solemn judgment of the probate court in admitting the will to probate. If they had no interest, they had no cause of action [citation omitted] and, therefore, no right to bring or maintain their contest, and the only judgment which the circuit court could enter was dismissal of such suit . . . ."

So it is here. Plaintiffs could not claim any interest by way of inheritance. Their claim was based on an alleged previous will which was never presented to the probate court of Crawford County for probate or rejection within the time limitation specified by § 473.050, 1973 Mo.Laws, pp. 482–483. Consequently, they did not have the requisite "interest" referred to in § 473.083, 1973 Mo.Laws, pp. 483–484, and the trial court properly dismissed their petition.

The judgment is affirmed.

FLANIGAN, C. J., and MAUS and GREENE, JJ., concur.

---

**3.** Both § 473.083 and § 473.050, as they existed when *First Presbyterian Church of Monett* was decided, contained time periods of nine months.

1973 Mo.Laws, pp. 482 and 483, applicable here, further limited the time period of both sections.