Edna GILLMAN, Plaintiff-Appellant,

v.

MERCANTILE TRUST COMPANY, National Association, Executor, et al., Defendants-Respondents.

Nos. 42440, 42458.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 20, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 20, 1981.

Application to Transfer Denied Jan. 18, 1982.

Jack C. Stewart, Hillsboro, for plaintiff-appellant.

John Stroh, St. Louis, for Mercantile.

David Zwart, St. Louis, for Grimes.

STEWART, Judge.

Edna Gillman, plaintiff, and Dora Voss Grimes, a defendant who filed a counterclaim and crossclaims, each appealed adverse judgments. Plaintiff seeks to dismiss her appeal over the objections of Grimes. We consolidate the appeals and consider the issues raised by plaintiff's "dismissal" and Grimes' objection to the dismissal along with any other issues properly before us. Before we can consider any of the issues raised we must first consider the question of our jurisdiction although it has not been addressed by the parties. See *Mitchell v.*

*Commercial Standard Ins. Co.*, 565 S.W.2d 184 (Mo.App.1978).

Plaintiff's seven count petition was filed in St. Louis County against Mercantile Trust Company National Association as executor of the estate of Hazel Prevallet, deceased, and as trustee of a trust established by Hazel Prevallet on October 16, 1968 and amended December 9, 1970. Other defendants, including Dora Voss Grimes, were sued in their capacities as heirs, legatees and devisees under two wills of Hazel Prevallet and as beneficiaries and distributees under the trust. Count I seeks specific performance of a contract to make a will. Count II is an action for damages for breach of the same contract. Count III is a request for relief in quantum meruit for services rendered. Count IV is an action to contest the December 10, 1970 will of Hazel Prevallet. Count V is an action to set aside the trust instrument dated October 16, 1968 and amended December 9, 1970. Count VI seeks to establish a purported will dated March 28, 1967 as the will of Hazel Prevallet. Count VII seeks the declaration of a resulting or constructive trust in favor of plaintiff.

Defendant Dora Voss Grimes (Grimes) filed a counterclaim against plaintiff and a crossclaim against the other defendants in three counts. Counts I and II are actions to contest the 1970 will of Hazel Prevallet, seeking to declare it void and establish that Hazel Prevallet died intestate. The third count seeks to set aside the trust referred to above.

The plaintiff filed the identical petition in Jefferson County, which is the subject of our opinion in *Mercantile Trust Company National Association v. Anderson*, 611 S.W.2d 548 (Mo.App.1981), a proceeding in prohibition. We held in that case that venue as to Counts I and VII was proper in Jefferson County because they were local actions.

Upon motion of defendants the Circuit Court of St. Louis County dismissed Counts I (specific performance), II (damages for breach of contract), III (quantum meruit), V (to set aside trust), and VII (to establish

resulting trust) of plaintiff's petition for lack of venue. The court entered summary judgment against plaintiff and in favor of defendants as to Counts IV (will contest) and VI (to establish earlier will). The court also dismissed Grimes' Count III (to set aside the trust) for lack of venue and entered summary judgment against her on Counts I and II (will contest) of her claims.

The factual background is gleaned from the allegations of the pleadings and affidavits. Beginning in 1950 plaintiff and her husband worked for Frank J. Prevallet and his wife doing farm work, household work, and other duties on the Prevallet farm in Jefferson County. The Prevallets promised that if the Gillmans continued to work on the Prevallets' land, they would be paid a certain agreed upon salary and, in addition, the Prevallets promised to devise to the Gillmans 312 acres of farm land located in Jefferson County together with livestock, farm equipment and other personalty.

Frank Prevallet and Hazel each executed wills dated March 28, 1967. Each will provided that the estate of each would go to the surviving spouse. The wills then made provision for distribution of the estate and made a provision for plaintiff and her husband in accordance with the agreement as alleged in plaintiff's petition.

Frank Prevallet died on July 13, 1968, shortly after the 1967 wills were executed. Hazel Prevallet succeeded to his interest in their estate and subsequently executed a trust instrument dated October 16, 1968, purporting to create a revocable living trust, which was amended on December 9, 1970. On December 10, 1970 she executed a will in which among other provisions she bequeathed the livestock, growing crops, farm machinery, implements, tools, and equipment to plaintiff and her husband. This later will authorizes Mercantile as executor to sell the real estate, including that at issue here, and add the proceeds to the residuary estate. The will then provides for a "pour over" of the residuary estate to Mercantile as trustee under the trust instrument.

Plaintiff's husband, Russell Gillman, died January 22, 1975. She continued to perform the services for Hazel Prevallet as provided in their agreement until Hazel's death on October 2, 1978.

Before we consider any of the issues raised by the parties we must determine whether the trial court entered a final appealable judgment. A final appealable judgment is one that disposes of all parties and all issues. *State ex rel. Reynolds v. Banderet*, 607 S.W.2d 893 (Mo.App.1980). When a court sustains a motion to dismiss or a motion to quash service because of improper venue the dismissal is not a judgment on the merits of the claim; it does not preclude the party from prosecuting his claim in a forum having venue of the cause. It does not dispose of all parties and issues in the cause and is not an appealable order. The proper method of attacking the order of the trial court is by extraordinary writ. *Pagliara v. Gideon-Anderson Lumber Company*, 541 S.W.2d 92 (Mo.App.1976). We do not have jurisdiction to consider the issue of venue on appeal here.

We must next determine whether we may consider the issues raised by plaintiff and Grimes with respect to the summary judgment entered dismissing Counts IV and VI of plaintiff's petition and Counts I and II of Grimes' counterclaim and crossclaims.

As we will explain hereafter the only cause of action that has not been dismissed or disposed of upon the merits is Count III of Grimes' counterclaim and crossclaim (to set aside the trust).

The exceptions to the general rule with respect to finality of judgments are found in Rule 81.06. Those parts of the rule necessary for our consideration read as follows:

"When a separate trial is had before the court without a jury of claims arising out of the same transactions, occurrences or subject matter as the other claims stated or joined in the case the judgment entered shall not be deemed a final judgment for purposes of appeal within the meaning of Section 512.020, RSMo, unless specifically so designated by the court in the judgment entered. However, when a

separate trial is had before the court without a jury of an entirely separate and independent claim unrelated to any other claim stated or joined in the case, then the judgment entered shall be deemed a final judgment for purposes of appeal within the meaning of Section 512.020, RSMo, unless the court orders it entered as an interlocutory judgment to be held in abeyance until other claims, counterclaims, or third-party claims are determined."

A proceeding for summary judgment is a trial before the court and a judgment in favor of the movant is a final judgment for purposes of appeal. *Kaufman v. Bormaster*, 599 S.W.2d 35 (Mo.App. 1980). In the present case there was a judgment as to Counts IV (will contest) and VI (action to establish a will) of plaintiff's petition and on Counts I and II (will contest) of Grimes' pleadings. The judgment disposed of all parties and all issues so far as the contest of the will was concerned and is appealable if it comes within the exception in Rule 81.06 that is set out above.

An action to contest a will is a proceeding sui generis, a suit in rem. Its sole purpose is to determine whether a certain instrument is or is not the will of a decedent. *Campbell v. St. Louis Union Trust Co., et al.*, 346 Mo. 200, 139 S.W.2d 935 (banc 1940). The will contest is separate and independent of the action to set aside the trust. Paraphrasing *Crenshaw v. Great Central Insurance Co.*, 527 S.W.2d 1, 3 (Mo.App. 1975), we can say that the disposition of Grimes' Counts I and II is not dependent in any respect upon the outcome or final disposition of Grimes' Count III. The summary judgment entered in this case was clearly intended to be a separate appealable judgment. *Crenshaw, supra.*

After the appeals in this case had been argued and submitted, plaintiff filed an instrument titled "Dismissal of Appeal" which stated, "[a]ll matters and issues with respect to Plaintiff Edna Gillman having

been resolved and finally settled, Plaintiff Edna Gillman dismisses the above docketed number appeal with prejudice."

Defendant Grimes contends that the dismissal of the appeal would operate as a dismissal of the will contest and that a will contest may not be dismissed without the consent of all parties who are not in default in accord with § 473.083(7) RSMo 1978.[1]

Before we reach this issue we must consider whether the petition filed by plaintiff in this cause was sufficient to invoke the jurisdiction of the circuit court with respect to plaintiff's action to contest the 1970 will that had been admitted to probate by the Probate Court of St. Louis County, now the Probate Division of the Circuit Court of St. Louis County. This issue is inherent in the appeals of both the plaintiff and defendant Grimes.

That portion of the statute with respect to will contests pertinent to our consideration is § 473.083(1) RSMo 1978 which reads as follows:

"Unless any person interested in the probate of a will appears within six months after the date of probate of (sic) rejection thereof ... and, ... contests the validity of a probated will, ... then probate ... of the will is binding."

It has been held that the interest required of a contestant of a will must be a financial or property interest. *First Presbyterian Church of Monett v. Feist*, 397 S.W.2d 728, 733 (Mo.App.1965); it must be such that the contestant would benefit by setting the will aside or lose by its establishment. *Mills v. Kettler*, 573 S.W.2d 672 (Mo.App.1978); *State ex rel. Cooper v. Cloyd*, 461 S.W.2d 833 (Mo.banc 1971).

Plaintiff is not an heir of the decedent. She is a legatee under the 1970 will that was admitted to probate. If the 1970 will is set aside without the establishment of the 1967 will it would mean that Hazel Prevallet died intestate. In that event no benefit would enure to plaintiff; she would

1. "Any such action may be voluntarily dismissed, after the period of contest has expired, by consent of all parties not in default, at the cost of the party or parties designated, at any time prior to final judgment."

not be an interested person and could not invoke the jurisdiction of the trial court by bringing the will contest. See *Feist, supra* and *Mills v. Kettler, supra.*

Under the will executed by decedent in 1967 plaintiff, as a legatee, would receive a much larger portion of decedent's estate than under the 1970 will. By setting aside the 1970 will and establishing the 1967 will plaintiff would benefit and could invoke the jurisdiction of the trial court to contest the 1970 will.

The ultimate question is whether the 1967 will could be admitted to probate. The controlling statute, § 473.050 RSMo 1978, provides:

"No proof shall be taken of any will nor any certificate of probate thereof issued, unless the will has been presented to the judge or clerk of the probate division of the circuit court, within six months from the date of the first publication of the notice of granting letters testamentary or of administration by the probate division of any circuit court in the state of Missouri, or within thirty days from the commencement of an action under section 473.083 to establish or contest the validity of a will, whichever is later, on the estate of the testator named in the will so presented."

In granting summary judgment against plaintiff, the trial court held that plaintiff was not a person interested in the probate of the will of 1970 because the purported will of 1967 had never been presented to the probate court or its successor, the probate division of the circuit court.

Hazel Prevallet died on October 2, 1978. Her will dated December 10, 1970 was filed in the Probate Court of St. Louis County on October 12, 1978 and was admitted to probate on November 7, 1978. The first publication of notice granting letters testamentary was on November 10, 1978.

The purported will of Hazel Prevallet dated March 28, 1967 was filed in the probate court on October 18, 1978. No document was presented to the probate court or to its successor, requesting admission or re-

jection, and no action was taken with respect to the 1967 will.

Plaintiff filed her petition in this case on May 3, 1979 which is within the time for filing an action contesting a will. On the following day plaintiff filed with the Clerk of the Circuit Court of St. Louis County, Probate Division, a notice of the filing of the plaintiff's petition along with a copy of the petition. The 1967 will of Frank Prevallet and the 1970 will of Hazel Prevallet were attached to the copy of the petition. This notice was filed within six months of the date of first publication.

■ Plaintiff concedes that the mere filing of the will on October 18, 1978 was not presentation of the will to the clerk or judge of probate as required by § 473.050 RSMo 1978. Presentation requires the filing of the will with an application that it be probated or rejected. *State ex rel. Shriners' Hospitals for Crippled Children v. Hensley,* 385 S.W.2d 820, 829 (Mo.App.1964).

As we read the arguments contained in the briefs of plaintiff and Grimes, they primarily contend that filing notice of the will contest constituted presentation of the 1967 will because Count VI of the plaintiff's petition sought to establish the 1967 will as the last will and testament of Hazel Prevallet and it was filed within six months of first publication of notice of granting letters under the 1970 will. They also argue that the probate court was abolished and its jurisdiction transferred to the circuit court as a division of that court on January 2, 1979 when Mo.Const.Art. V, § 27.2(b) became effective, that the probate division and other divisions of the circuit court have concurrent subject matter jurisdiction, and that filing the petition in the circuit court seeking the establishment of the 1967 will constitutes presentation of the 1967 will to the probate division of the circuit court.

Although Art. V, § 27 made the probate courts a division of the circuit court it did not change the statutory scene. In St. Louis County the probate judge became a circuit judge; however, the functions of the

probate division and its judge remained the same as those of the former probate court. The controlling provision is Art. V, § 27.3 which provides in part as follows:

"Until otherwise provided by law, associate circuit judges shall hear all cases or matters as now provided by law for probate courts within the county, except that in the city (sic) of St. Louis, in all first class counties, and all second class counties with a population of over sixty-five thousand, the circuit judge of the probate division of the circuit court shall hear all cases and matters as now provided by law for probate courts within such circuits or counties."

The legislature amended §§ 473.050 and 473.083 RSMo 1978 to comply with the constitutional changes. Before proof can be taken of any will it must have been presented for probate or rejection by filing an application therefor in the "probate division" of the circuit court. § 473.050 RSMo 1978; *State ex rel. Shriners' Hospitals, supra.*

 The will contest section, § 473.083 RSMo 1978, lends further force to our conclusion. The period of time within which an action to contest a will or to establish a rejected will is based upon the time within which the probate division of the circuit court orders probate or rejection of the will. The action of the probate division is a condition precedent to the bringing of a suit to set aside a will or to establish a will that has been rejected.

In the case at bar the petition to establish the 1967 will as the will of Hazel Prevallet is a plea for formal proof of the will in a trial. This may not be accomplished prior to presentation of the will to the probate division of the circuit court for probate or rejection.

The fact that notice of the will contest with the seven count petition attached was filed with the probate division does not change the situation. Neither the notice nor the petition sought any action on the part of the probate division of the circuit court.

The will of 1967 was never presented to the probate court or its successor, the probate division, within the meaning of § 473.-050 RSMo 1978. Plaintiff had no standing to bring the action, therefore, the jurisdiction of the circuit court was not invoked as to Count IV. The effect of Grimes' cross-claim and counterclaim was to align her with plaintiff in the cause. They were filed more than six months from the date of publication of letters and could not confer jurisdiction on the circuit court to proceed with the will contest.

We have reviewed other issues raised by Grimes and by plaintiff as they would affect Grimes' rights but find they have no merit and require no further discussion.

Inasmuch as the trial court had no jurisdiction of the will contest the question of whether plaintiff could dismiss her appeal so far as the will contest is concerned is moot and we need not rule on the issue. The appeal with respect to other counts of the plaintiff's petition are dismissed in accordance with the "Dismissal of Appeal" filed in that cause.

The appeal of plaintiff Gillman is considered to be voluntarily dismissed. We do not have jurisdiction to consider the order of the court dismissing Grimes' Count III. The judgment of the trial court dismissing Grimes' Counts I and II is affirmed.

STEPHAN, P. J., and DOWD, J., concur.