**Wilma KRUEGER and Harold Stuller, Plaintiffs,**

v.

**FARMERS & MERCHANTS BANK OF HANNIBAL, MISSOURI, Executor of the Estate of Charles Six, and Dorothy James and Jean Chapman, Defendants.**

No. N81–75C.

United States District Court, E.D. Missouri, N.D.

May 3, 1983.

Howard Snowden, LaGrange, Mo., Michael J. Hollahan, Mount Sterling, Ill., for plaintiffs.

William Spaun, Branham Rendlen, Charles Rendlen, Hannibal, Mo., for defendants.

## MEMORANDUM

CAHILL, District Judge.

This matter is before the Court on the defendants' motion for summary judgment filed under Fed.R.Civ.P. 56. Plaintiffs commenced this diversity action seeking to invalidate the will of Charles Six, deceased, that was offered by the defendants for probate in the Marion County, Missouri, Circuit Court. The plaintiffs have offered another will executed by Charles Six which they claim is the operative one to dispose of Charles Six' estate. The defendants argue that the plaintiffs do not have standing to bring this cause of action because plaintiffs' will was never offered for probate as required under Missouri law and therefore is a nullity, and that the plaintiffs are not heirs of Charles Six so as to derive any benefits from an intestate estate. After viewing the record before the bench and the applicable case law in this area, the Court agrees with the defendants' position. The motion for summary judgment is granted.

Charles Six executed two wills during his lifetime, one dated April 1, 1980 (first will) and one dated May 6, 1981 (second will). Under Item Six of the first will the plaintiffs are beneficiaries of the residuary estate of Charles Six if Six' wife, Nettie Six, predeceased him. Nettie predeceased Charles. Charles died on July 12, 1981. Nettie and Charles left no surviving children. Under Item Four of the second will the interest in the residuary estate previously left to the plaintiffs was left to defendants Dorothy James and Jean Chapman. Charles Six designated other beneficiaries but their interests are not germane to this litigation because their benefits are mainly the same under both wills.

The uncontroverted record shows that plaintiff Wilma Krueger was not related to Charles Six by blood but was a niece of Nettie Six. The record also shows that plaintiff Harold Stuller was also in Nettie Six' bloodline as her nephew. Thus plaintiffs are first cousins and blood relatives of Nettie Six, not Charles Six.

The record also shows that Charles Six' second will was admitted to probate on July 16, 1981, and the first notice of that action was published on July 17, 1981. The plaintiffs admit that Charles Six' first will was never offered for probate. Moreover, the Honorable John D. Ogle, Associate Judge of the Circuit Court of Marion County, Missouri, Probate Division, stated in his affidavit that

> The court finds that there was no application for the admission of any other will to probate by the contestants (plaintiffs herein) of the action filed in the United States District Court, No. N81–0075–C. That no will has been presented to the Probate Court within six months from the date of the publication of the notice of the granting of letters or the administration of the Probate Court of the State of Missouri, or within thirty days from the commencement of an action under § 473.083. The court states that no other will other than the one admitted to probate on July 16, 1981, (Charles Six' second will) has ever been offered for probate and was neither admitted nor rejected by this court.

Summary judgment should not be granted unless the moving party has established the right to a judgment with such clarity as to leave no room for controversy. *Snell v. United States,* 680 F.2d 545, 547 (8th Cir. 1982); *Jackson v. Star Sprinkler Corporation,* 575 F.2d 1223, 1226 (8th Cir.1978); *New England Mutual Life Insurance Company v. Null,* 554 F.2d 896, 901 (8th Cir. 1977). This imposes a heavy burden on the

moving party because the evidence will be viewed in the light most favorable to the nonmoving party. The Court also must give the nonmoving party the benefit of all reasonable inferences to be drawn from the facts. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–1609, 26 L.Ed.2d 142 (1970). However, the Court recognizes the remedy's salutary purpose of avoiding useless and time consuming trials. *Butler v. MFA Life Insurance,* 591 F.2d 448, 451 (8th Cir.1979), *citing Percival v. General Motors Corporation,* 539 F.2d 1126, 1129 (8th Cir.1976); *Lyons v. Board of Education,* 523 F.2d 340, 347 (8th Cir.1975).

The plaintiffs do not contest the facts in this case but make the argument that

> The defendants' argument would require a will contestant to file a proceeding in the Missouri state courts, as well as filing a petition in the United States District Court in a situation where jurisdiction was proper under diversity. This result would negate the purpose of Article 28 U.S.C. § 1332 which permits jurisdiction of federal courts in cases of diversity of citizenship. To hold otherwise would require multiplicity of actions.

The plaintiffs further argue in their opposition to the defendants' motion for summary judgment that

> It is apparent that the plaintiffs have sought to probate the prior will but have pursued the issue in the federal district court rather than the probate division of the Missouri circuit court. Unlike the Missouri circuit court system, which recognizes divisions, the federal court system does not have a probate division. Thus, the petition to contest will filed herein accomplished the requirements of both §§ 473.050 and 473.083 of the Missouri laws. The plaintiffs have presented the April 1, 1980 will (Charles Six' first will) by filing the will as Exhibit B to the petition herein and requested this court to order it probated. Thus, the procedure under § 473.050 . . . has been satisfied.

 When federal jurisdiction is based on diversity of citizenship, a district court merely sits as another state court on sub-

stantive issues, and applicable state law is controlling. *Gabauer v. Woodcock,* 520 F.2d 1084 (8th Cir.1975). Where a state statutory law is involved, construction of the statute or statutes is a matter of state law to be decided by the state courts. *Harkins v. Wyrick,* 589 F.2d 387 (8th Cir.1979); *Kelley v. Swenson,* 481 F.2d 86 (8th Cir.1973), on remand, 376 F.Supp. 20 (E.D.Mo.1974), *aff'd,* 510 F.2d 264 (8th Cir.1975); *Connealy v. Walsh,* 412 F.Supp. 146 (W.D.Mo.1976). Moreover, a federal district court must interpret applicable state statutes as would a state court faced with the same issue. *Birdwell v. Hazelwood School District,* 352 F.Supp. 613 (E.D.Mo.1972), *aff'd,* 491 F.2d 490 (8th Cir.1974). Also, a district court entertaining a diversity action is bound to follow the time limitations period that the state courts would apply under the same circumstances. *Bergstreser v. Mitchell,* 577 F.2d 22 (8th Cir.1978); *Keaton v. Crayton,* 326 F.Supp. 1155 (W.D.Mo.1969). The Missouri statutes involved in the instant case are Mo.Rev.Stat.. §§ 473.050 and 473.083. Section 473.050 provides

> No proof shall be taken of any will nor any certificate of probate thereof issued, unless the will has been presented to the judge or clerk of the probate division of the circuit court, within six months from the date of the first publication of the notice of granting letters testamentary or of administration by the probate division of any circuit court in the State of Missouri, or within thirty days from the commencement of an action under § 473.083 to establish or contest the validity of a will, whichever is later, on the estate of the testator named in the will so presented.

The pertinent part of § 473.083 reads

> 1. Unless any person interested in the probate of a will appears within six months after the date of the probate or rejection thereof by the probate division of the circuit court, or within six months after the first publication of notice of granting of letters on the estate of the decedent, whichever is later, and, by petition filed with the clerk of the circuit

court of the county, contests the validity of a probated will, or prays to have a will probated which has been rejected by the probate division of the circuit court, then probate or rejection of the will is binding. An heir, devisee, trustee, or trust beneficiary under another purported will of the same decedent, and a person who has acquired, before or after the death of the testator, all or part of the interest of such heir or devisee by purchase, gift, devise, intestate succession, mortgage or lien, is interested in the probate of a will for purposes of this section.

■ As in the case of *Swinney v. Cummings,* 581 S.W.2d 474 (Mo.App.1979), the determinative issue before the Court is whether or not plaintiffs, as contestants of the probated will, have the requisite standing to maintain a will contest under § 473.083. As the *Swinney* court has recognized, it has been held that § 473.083 is to be read together with the limitation statute, § 473.050. *First Presbyterian Church of Monett v. Feist,* 397 S.W.2d 728 (Mo.App.1965). The *Swinney* court also recognized that "a will may be contested or a rejected will established under § 473.083 only by persons interested in the probate of a will and this requires a contestant to have a financial interest in the estate and one which would be benefited by setting the will aside. *Swinney v. Cummings,* at 476. Citing *First Presbyterian Church of Monett v. Feist, supra,* the court in *Swinney* stated that

As we read §§ 473.050 and 473.083 together, it is apparent that one claiming under a will must have presented it for probate or rejection within nine months (6 months now) from notice of letters and, if not, the will so advanced has no efficacy in transferring any title. It cannot be admitted to probate.

The holding in *Swinney* was reiterated in *Gillman v. Mercantile Trust Co.,* 629 S.W.2d 441 (Mo.App.1981). The *Gillman* court further indicated that "... mere filing of a will ... was not presentation of the will to the clerk or judge of probate as required by § 473.050. The *Gillman* court further went on to say that "presentation requires the filing of the will with an application that it be probated or rejected. *State ex rel. Shriners Hospital for Crippled Children v. Hensley,* 385 S.W.2d 820, 829 (Mo.App.1964)." *Gillman,* at 445–46. The plaintiffs admit that they did not satisfy the requirements as set forth in *Swinney* and *Gillman* within the time limits prescribed by §§ 473.050 and 473.083. Therefore, the Court is constrained to conclude that under Missouri law the plaintiffs cannot now seek to probate Charles Six' first will and have no standing to contest the second will on that basis.

■ The court further concludes that the plaintiffs have no standing to challenge the second will of Charles Six on the basis of intestate succession. As mentioned earlier, the plaintiffs are blood relatives of Nettie Six, the wife of Charles Six. Therefore, inasmuch as Charles Six is survived by blood relatives that have priority over the plaintiffs in the line of intestate succession pursuant to Mo.Rev.Stat. § 474.010, the plaintiffs would not even benefit if it were determined that the second will of Charles Six was invalid and he died intestate. Thus, plaintiffs have no financial interest in the contest of Charles Six' second will and have no standing under the Missouri decisions of *Swinney* and *Gillman.* The motion for summary judgment is granted.